JOHN LONDON and wife *v.* THE CITY OF WILMINGTON.

*Taxa'ion — Uniformity — Practice — Action by Tax-Payer — Injunc-
tion.*

1. A tax levied by a municipal corporation of two per cent. on real
estate, excluding from valuation and taxation the stocks of goods
owned by merchants, is obnoxious to Art. VII, § 9 of the Constitu-
tion, as not being *uniform* ; and the fact that the corporation added
to the tax on the *monthly sales* of said merchants more than enough
to compensate for the deficiency caused by said exclusion, does not
alter the case.

2. An action for an injunction lies at the instance of a tax-payer, su-
ing either alone or on behalf of all others similarly situated, to en-
join the collection of an illegal tax by a municipal corporation.

3. But before such action can be maintained, it must appear that the
plaintiff has paid so much of the tax, if any, as is admitted to be
due.

(Mandamus to require uniform assessment suggested.)

(*Brodnax* v. *Groom,* 64 N. C. 244 ; *Galloway* v. *Jenkins,* 63 N. C. 147 ;
*Huggins* v. *Hinson,* Phil. 126, cited and approved.)

APPLICATION for an Injunction to restrain the defendant
from collecting certain taxes, heard at June Special Term,
1877, of NEW HANOVER Superior Court, before *Seymour, J.*

The plaintiffs alleged that the defendant, (Board of Al-
dermen) by virtue of an ordinance passed on the 18th of
January, 1875, levied a tax of two per cent. upon all the
real estate in the City of Wilmington for the year 1875, and

that by Art. VII § 9 of the Constitution, all taxes levied by any Town or City are required to be uniform upon all property in the same, not exempted by the Constitution; that the defendant exempted from taxation for said year, the stocks of goods of all the merchants in said City, which were on hand on the 1st of April, 1875, by means whereof the amount of the assessed value of the personal property was reduced by at least the sum of $700,000, and that said exemption imposed the burden of taxation upon the real estate and personal property (other than the stocks of goods aforesaid) to the amount of the tax properly derivable from said stocks of goods, and that said discrimination, in favor of said merchants is in violation of said constitutional provision, and renders the whole tax list void ; that the real estate of plaintiffs, valued at $3667, is included in said tax list which has been delivered to the City Tax Collector who has advertised that unless the tax payers of said City shall pay their taxes, he will sell their property for the same ; whereby a cloud would be put upon the title of the plaintiffs to the said real estate; and that plaintiffs have commenced a civil action, &c., and therefore demand judgment that the defendant be perpetually enjoined from collecting the tax levied as aforesaid, &c.

The defendant,—after admitting that said merchants were not required to list their stocks of goods in 1875, as alleged in the complaint, and averring that in lieu thereof they were required to pay a monthly license tax, based upon the monthly sales, for carrying on their business, which license tax was uniform and *ad valorem,*—denied that any extra burden of taxation was thrown on the real estate or personal property as alleged by plaintiffs ; but on the contrary averred that the revenue derived from the license taxes was greater than if the stocks of goods on hand on the 1st of April, 1875, had been taxed two per cent. upon the value thereof which was not exceeding the sum of $500,000. The

defendant further alleged that the revenue of the City for said year was insufficient to pay the current expenses for the same, and the interest on its bonded debt, and that plaintiffs were included among the list of delinquent tax-payers for said year.

The plaintiffs, replying, alleged upon information and belief that since the year 1868, with the exception of 1875, the merchants in said City have annually listed and paid taxes on stocks of goods as other property was taxed, in addition to the monthly license tax for the privilege of carrying on business; and that said stocks were listed before the Township Trustees for the year 1875, according to their value in money.

Upon the hearing, His Honor gave judgment for the plaintiffs, and the defendant appealed.

*Messrs. E. S. Martin* and *A. T. London*, for plaintiffs.
*Mr. D. L. Russell*, for defendant.

RODMAN, J. Since the cases of *Brodnax* v, *Groom*, 64 N. C. 244, and *Galloway* v. *Jenkins*, 63 N. C. 147, it must be considered settled in this State, that a tax payer may institute an action either alone' or on behalf of all others similarly situated, to enjoin the collection of an illegal tax, at least by a County or City. This must necessarily be so, if,— as was held in *Huggins* v. *Hinson*, Phil. 126, when taxes are collected under a tax list,—the payer cannot recover them back from the Sheriff, although he paid under protest; otherwise there would be no redress against any illegal taxation on property, and no redress could be given for even a clear violation of right. As was said in *Brodnax* v. *Groom*, to maintain such an action, it will not suffice that the illegality is trifling, or is in some collateral matter, or by some mistake, or is a mere irregularity; it must be material and go to the very substance and root of the tax. Although it

is fit and proper that the Courts should have a power to restrain illegal taxation, at least by the inferior municipalities, such as Counties, Cities, &c,—yet it is obviously a power which should be used with extreme caution, and only in a case of injury manifestly demanding its interposition.

It is conceded that the tax levy for 1875, which is the one sought to be enjoined, was illegal, in that, it excluded from valuation and taxation the stocks of goods held by merchants on the 1st of April of that year. It is no vindication of the legality of the tax to say that the City government added to the tax on the monthly sales of merchants, more than enough to compensate for the deficiency caused by this exclusion. The language of the Constitution is positive, and it is imperative as to the form as well as to the substance of the tax. To disobey the mandate that all property shall be taxed uniformly and according to its value, upon the ground that the tax imposed was more just, or convenient, or productive, is to substitute the discretion of the City authorities for that of the law making power. If the Constitution can be disregarded by an act of discretion in one direction, it may be in another; and an *ad valorem* tax may exclude from valuation and taxation the personal or real property of any class whatever which the authorities might think it wise and expedient to relieve. If one deliberate breach of the Article of the Constitution relating to taxes can be justified, the whole Article may become a dead letter in all Cities and Towns. Taxation should not only be substantially in, the result according to law, but it should be as nearly identical in form as it can be. It cannot be known to be true, that the incidence of taxation was even substantially the same under the levy complained of, with what it would have been under one conforming to the law. These general principles will probably not be disputed.

It is difficult however to devise a remedy for such a case, which shall be adequate for the relief of the complaining

tax payer, and free from the inconvenience of leaving it to the discretion of Judges to stop the entire collection of taxes, or of a class of taxes, by injunction.

Probably if a Court had been applied to in due time, it would by *mandamus* have required an uniform assessment.

The difficulty calls on the Legislature for its deliberate consideration. In the meanwhile we have to consider the right of the plaintiffs to the particular remedy they have sought. They put it on the ground that although the tax is illegal, yet a sale of their land under it would be a cloud upon their title. This must be admitted, since it is by no means clear that a sale under the tax levy would not pass a good title to the purchaser, for a part of the tax is certainly owing, and the plaintiffs have paid nothing. To prevent either irreparable injury, which would be the result of a sale if valid, or a doubt upon the title, which would be the result of a sale not clearly invalid, is an ordinary ground of relief by injunction.

We think it must be assumed that the plaintiffs are injured to some extent by the omission to tax the stocks of merchants. The rate of taxation on land may have been increased somewhat by reason of the omission. At all events if the tax on sales had been fixed at the rate it was, and also a tax levied on the stocks of goods which it was competent for the City to do, it is evident that the tax on land might have been less than it was, for the necessities of the City required a certain sum which could be drawn from the sources of land, personal property, and sales ; and whatever was omitted from one, must be added to the burden on one or both the others.

We are aware that there are cases which hold that a party is not entitled to an injunction against the collection of a tax on the ground that it is not uniform, and that some property liable to taxation has been even purposely and illegally omitted from the levy. *Muscatine* v. *Mississippi, &c.*

8

1 Dillon C. C. 537. But as long as the case of *Huggins* v. *Hinson*, above cited, is recognized as law, if a party so injured has no remedy by injunction, he has none at all. We think that in a case otherwise proper he would be entitled to an injunction.

There is, however, a difficulty in granting it in the present case which is insuperable. It is a familiar maxim, that he who seeks equity must do equity, that is, before he can seek an injunction against a debt, he must pay so much of it as he shows to be due. This rule is supported in its application to cases like the present, by many decided cases. In High on Injunctions, § 363, it is said, " where complainant has not paid that portion of the tax which is clearly valid, to which no objection is offered, and which can easily be distinguished from the illegal, the injunction will be denied, since the collection of a legal tax will not be restrained to prevent the enforcement of an illegal one. (16 Wis. 185.) And the bill itself must show what portion of the tax is legal, and what illegal, in order that the Court may properly discriminate between them." (16 Mich. 176.) Cooley on Taxation, p. 536.

In the present case, the land of the plaintiffs is confessedly liable to taxation. Their complaint contains data from which the illegal excess of the tax levy, might be, at least approximately ascertained, or if other data were needed, they might be found in the municipal records. Yet they have not paid any portion of the tax, and ask the Court to enjoin the collection of the whole, to the great detriment of the City, and the confusion of its affairs. We think the plaintiffs are not entitled to the extraordinary relief demanded, and as that is the only relief demanded, their action must be dismissed.

PER CURIAM.                          Action dismissed.