THOMAS MOORE v. JAMES T. SUGG, Tax-collector, etc.

*Injunction—Sale for Taxes in Arrears for Previous Years.*

1. The prohibition in the general Machinery Act against granting injunctions is applicable by its terms only to such as are levied by that particular act, and does not apply when the right to collect taxes in arrears has been revived by a statute for the benefit of a Sheriff's sureties containing no restrictions applicable to a particular case arising thereunder.

2. A tax-collector, under the authority of ch. 391, Acts of 1891, which was passed to enable the sureties of a Sheriff to collect taxes in arrears for several years previous, levied upon for the purpose of selling a tract of land upon which it was claimed a former owner owed taxes.   The Act contained no provision prohibiting Courts from issuing restraining orders, but by the first section purchasers without notice of unpaid taxes were relieved from the encumbrance of a lien for taxes on land bought by them.   In a suit brought by the owner to restrain the sale, the complaint alleged that he had no notice that the land which he had bought at a foreclosure sale was encumbered by a claim for unpaid taxes; and the defendant, in his answer, averred that the plaintiff had actual notice of such encumbrance.   In such case, there being a serious dispute in reference to a very material fact, an injunction was properly granted until the hearing.

CIVIL ACTION, brought by Thomas Moore against James T. Sugg, Tax-collector of Greene County, for an injunction to restrain the sale of real estate for taxes, heard before Whitaker, J., at Fall Term of GREENE Superior Court.

The complaint alleged that the plaintiff purchased the land subsequent to 1886, and that defendant had advertised the same for sale for the taxes of 1881 to 1886, both inclusive, and that he had bought the land at a foreclosure sale without notice that the taxes were unpaid. The defendant averred that plaintiff had notice of the encumbrance.

From an order granting an injunction until the final hearing defendant appealed.

*Messrs. T. C. Wooten* and *L. V. Merrill*, for plaintiff.
*Mr. George M. Lindsay*, for defendant (appellant).

AVERY, J.: The prohibition embodied in the general act against granting injunctions to prevent the collection of taxes is applicable by its terms only to such as are levied by that particular statute. The law passed at the same session (Acts of 1891, ch. 391) to enable the sureties of a former Sheriff to protect themselves by the collection of taxes in arrears for the years from 1881 to 1886, both inclusive, contains neither the provision restricting the power of the Courts to grant restraining orders nor the clause usually inserted in such acts forbidding the collection, where the taxpayer shall make affidavit that he has paid the tax; but by a saving clause added to the first section purchasers, without notice, are relieved from the encumbrance of a lien for taxes upon land bought by them.

The plaintiff alleges in his complaint, used as an affidavit on the hearing, that he had "no notice, either actual or constructive," that the property was encumbered by a claim

for unpaid taxes, while the defendant, in his answer, avers that he had actual notice.    Without adverting, therefore, to the many other questions discussed by counsel, it appears that there is a serious dispute in reference to a very material fact, and, as under our practice, the answer, however frank, full and fair a denial it may contain, is no longer conclusive as to the right to extraordinary relief, the injunction was very properly continued till the hearing. *Blackwell* v. *McElwee,* 94 N. C., 425; *Durham* v. *Railroad,* 104 N. C., 261; *Caldwell* v. *Stirewalt,* 100 N. C., 201; *Whitaker* v. *Hill,* 96 N. C., 2.    We do not think that the law, commonly known as the Machinery Act, was intended to apply where the right to collect taxes in arrears has been revived by statute, and in the absence of statutory restrictions applicable to his particular case any tax-payer may, therefore, in his own behalf only or on behalf of all others similarly situated, bring an action to enjoin the collection, if they are illegally levied.    *Sudderth* v. *Britain,* 76 N. C., 458; *London* v. *City of Wilmington,* 78 N. C., 109.

It is not necessary now to pass upon the question, whether the filing of the affidavit by John Murphy on a former occasion was in the nature of an adjudication that the taxes were not due, nor to determine whether the Legislature has the power, by reviving a lien, to defeat intervening rights acquired while it was dormant.    *Railroad* v. *Commissioners,* 82 N. C., 259.    The facts upon which all such questions depend will be fully developed and the law applicable explained on the trial of the cause.    It may be that, after a fuller investigation before the jury, some of the matters about which conflicting affidavits have given rise to dispute will be eliminated from the controversy.    There is

No Error.