THOMAS MOORE v. J. T. SUGG, Tax-collector.

*Arrears of Taxes—Mortgagee—Purchaser Without Notice—
Foreclosure Sale.*

The Act of 1891, ch. 391, authorizing the sale of land for taxes in arrears for the years 1881 to 1886, inclusive, provided that such sale should not affect purchasers of land who had no notice of such unpaid taxes.; M., the assignee of a mortgage on land, had, at the time of the transfer to him, no notice that there were any unpaid taxes due on the mortgaged land, but at the time and prior to the sale of the land under foreclosure proceedings at which he bought he had such notice: *Held,* that, as the title acquired at a foreclosure sale relates back to the date of the execution of the mortgage, the land was not liable for taxes assessed against it before the date of the mortgage.

Moore *v.* Sugg.

This was an action by plaintiff against J. T. Sugg, Tax-collector of Greene county, to sustain the sale of land for taxes. The referee to whom the case was sent by the Court below found, as a matter of fact, that the plaintiff, in 1889, purchased certain land at a foreclosure of mortgages which had been assigned to him, and that at the time of the execution or assignment to him he had no notice that there were any unpaid taxes due on the land for the years 1881 to 1886, inclusive, but that prior to the foreclosure sale at which he purchased he had notice that there was a claim for such taxes.

The referee's conclusions of law and the exceptions to the same are set out in the opinion of Associate Justice Burwell. From a judgment of *Bryan, J.,* at November Term, 1893, of Greene Superior Court, overruling the exceptions of defendant to the referee's report, the defendant appealed.

*Messrs. T. C. Wooten* and *L. V. Morrill,* for plaintiff.
*Mr. G. M. Lindsay,* for defendant (appellant).

Burwell, J.: When this cause was here on a former appeal (112 N. C., 233) it was declared that the injunction should be continued in force till the hearing. There was afterwards in the Court below an order of reference, and the referee, having found certain facts, drew from them the following conclusions of law: "That the plaintiff, Thomas Moore, is a purchaser for value of the lands conveyed in mortgages herein referred to; that having no notice at the time of the execution of the mortgages, or at the time of the transfer of the same to him, that any taxes were due thereon, the said lands are not liable for said taxes."

To the report of the referee the defendant filed the following exceptions:

".1. That the referee erred in his first conclusion of law in holding that the plaintiff was a purchaser for value of the lands conveyed in the mortgages set out in the findings of fact from and at the time of the execution of the said mortgages, whereas he should have held that the plaintiff was a purchaser only from the time of the sale of said lands by the commissioner under the foreclosure proceedings set out in the findings of fact.

"2. That the referee erred in his second conclusion of law in that he holds 'that having no notice at the time of the execution of the mortgages, or at time of the transfer of the same to him, that any taxes were due thereon, the said lands are not liable for said taxes, whereas that having found as a fact that on April 9, 1888, the plaintiff had notice that Luby Harper, ex-Sheriff, claimed the unpaid taxes to be due by John Murphy, which is claimed in this action, and having found as a fact that the plaintiff has purchased the property levied upon for said taxes at a judicial sale to foreclose said mortgages since the 9th day of April, 1888, the referee should have held as a conclusion of law that said lands were liable for said taxes and that the injunction be dissolved."

.The Act (chapter 391 of Laws 1891) under which the defendant tax-collector is attempting to sell the plaintiff's land for arrears of taxes for the years 1881 to 1886, provides that it "shall not affect purchasers without notice." While it is true that the plaintiff's title to the lands is that made to him since April 9, 1888, by the commissioner who was appointed to sell and make title under an order made in a suit to foreclose certain mortgages, that title, for all purposes of protection to the plaintiff against liens on the land, relates back to the dates of the mortgages. Jones on Mortgages, section 1654. The mortgagees were purchasers for value. *Brem* v. *Lockhart*, 93 N. C., 191, and cases there

cited. A purchaser at a foreclosure sale gets the legal title of the mortgagee clear of the equity of the mortgagor. If the mortgagee was a purchaser for value without notice so must also be the purchaser at the foreclosure sale, the latter having succeeded to all the rights of the former.

It follows that the fact that, after the execution of the mortgages and prior to the foreclosure sale, the plaintiffs had notice that the arrears of taxes on the property, assessed before the existence of the mortgages, had not been paid, cannot have the effect of imposing on the lands in his hands the burden of these taxes, from which burden they had been freed when they were conveyed by the mortgagor to the purchaser for value without notice.

There was no error in the overruling of defendant's exceptions.                                    Affirmed.