### BANK OF COLERAIN v. DAVID COX ET AL.

(Filed 1 March, 1916.)

**1. Mortgages—Personalty—Registration—Statutes.**

Our statute, Revisal, sec. 982, requires that a mortgage of personal property be registered where the mortgagor resides, and where a mortgage on such property has been registered in the wrong county, and subsequently registered in the right one, but after a mortgage on the same property has been given to another and properly registered, the second mortgage has priority of lien over the first one, and no other notice, however full, will take the place of that of registration required by the statute.

BANK *v.* COX.

## 2. Same—Fixtures.

Where there is nothing to show that a sawmill has been annexed to the land, and a mortgage and a conveyance to the owner thereof describes it as personal property, it will be so regarded, and in order to create a valid lien it must be registered in the county wherein the mortgagor resides; and a recital in the mortgage that it was located on or occupied lands in another county will not be construed in contradiction of the express words of the mortgage describing the property as personalty.

APPEAL by defendants from *Bond, J.,* upon a case agreed at November Term, 1915, of BERTIE.

Civil action, upon a case agreed, brought to recover a sawmill and its fixtures and appurtenances sold and conveyed, on 28 August, 1912, by the Yeopim Lumber Company to E. L. Crumpler, with certain timber and a lease of five years on the mill yard occupied by the sawmill; and the latter on the said day conveyed the same property to Charles Whedbee, as trustee, to secure $4,850, part of the purchase money, with power of sale in case of default in payment of the debt. The deed to E. L. Crumpler and the deed of trust to Charles Whedbee were registered in Perquimans County, and the deed of trust, on 15 October, 1915, was registered in Bertie County, where, on and before 28 August, 1912, E. L. Crumpler resided and was domiciled. Charles Whedbee, as trustee, on 23 September, 1915, duly and regularly sold that part of the property which was also and afterwards mortgaged to the plaintiff, the Bank of Colerain, to David Cox, L. W. Norman, and R. M. Fowler, defendants, for $500, that being the full value thereof. On 22 September, 1915, E. L. Crumpler mortgaged the said sawmill and its fixtures to the plaintiff as security for an antecedent debt of $400 due by him, they being described in the mortgage as follows: "One sawmill complete, situated in Bethel Township, on the lands formerly owned by Yeopim Lumber Company, and being the same sawmill they sold to E. L. Crumpler, with the addition of any and all fixtures, appliances, pulleys, belts, saws, shaftings, pipings, injectors, brasses, crank-shaft for engine, chains, collars for edger and trimmer, grate bars for boiler, rafting gears, chains and dogs, and every other fixture and appliance which was annexed to such sawmill at the time of said purchase of same, and every fixture, appliance, and machinery, of every kind and description, which has been annexed thereto by said Crumpler since said purchase. The said description is intended to include and does include said sawmill complete and everything connected therewith." The mortgage from Crumpler to the plaintiff was duly registered in Bertie County on 22 September, 1915, and at the time of taking the mortgage from Crumpler the plaintiff had actual knowledge of the prior deed of trust or mortgage of Crumpler to Charles Whedbee. Soon after the conveyance to him by the Yeopim Lumber Company,

as aforesaid, and the execution by him of the deed of trust aforesaid to Whedbee, the said Crumpler entered into possession of the mill and operated the same in Perquimans County until October, 1914, but has not operated it since that time, although the mill had remained on the land where it was located at the time of his purchase. No part of the lands of the Yeopim Lumber Company, except the lease of the mill site for five years and the timber with right to cut the same for one year, was conveyed to the said Crumpler, unless the court on the facts herein stated shall hold the mill and its fixtures to be real estate, but after the lease and conveyance aforesaid to Crumpler, the Yeopim Lumber Company sold the said land on which the lease rested to one P. H. Small, who now owns the same.

The deed of the Yeopim Lumber Company to E. L. Crumpler described the property generally as certain "personal property and timber situate in Bethel Township, Perquimans County, N. C.," and then comes the particular description of the sawmill with its fixtures, and lastly these words: "with the right to use land occupied by mill and mill yard for a term of five years from date of this indenture. When said land ceases to be used as a mill site then it reverts to said Yeopim Lumber Company." In the deed of trust to Charles Whedbee there is a description of the property conveyed, as "all the following described personal property and the different tracts of timber described as follows: The sawmill and fixtures thereto this day had of said Yeopim Lumber Company." Then comes a description of the sawmill and fixtures similar to the one above given, except that there is no reference to the words, "the use of the land occupied by mill and mill yard for a term of five years from date of this indenture," and no reference at all to the lease or its expiration. The case also states that on 28 August, 1912, E. L. Crumpler was the owner of "certain timber lands situated and being in Perquimans County, North Carolina, and also certain other property described in deed of trust to Charles Whedbee as follows: "All the following described personal property and the different tracts of timber land described as follows:" Then follows a description of the sawmill and fixtures, as above given, closing with these words: "The mill and fixtures above described being at the time located upon the said lands."

It was agreed that if the court was of opinion with the plaintiff, judgment should be entered for $400, with interest and costs.

Upon consideration, the court, holding that plaintiff was entitled to recover, entered judgment accordingly, and defendants appealed.

*Pruden & Pruden, Gilliam & Davenport for plaintiff.*
*P. W. McMullan and Charles W. Whedbee for defendants.*

WALKER, J., after stating the case: The decision of this appeal turns upon the question whether the sawmill with its fixtures and appurtenances was real or personal property. If it was real property, the deed of trust to Mr. Whedbee was properly registered in Perquimans County, and the defendants would be entitled to the judgment; but if it was personal property, the registration should have been in Bertie County, where the mortgagor resided, and where plaintiff had its mortgage registered, and the judgment below was correct. Our statute, Revisal of 1905, sec. 982, provides that, "No deed of trust or mortgage for real or personal estate shall be valid at law to pass any property as against creditors or purchasers for a valuable consideration but from the registration of such deed of trust or mortgage in the county where the land lieth, or, in case of personal estate, where the donor, bargainor, or mortgagor resides, or, in the case donor, bargainor, or mortgagor shall reside out of the State, then in the county where the personal estate or some part of the same is situated, or, in case of choses in action, where the donee, bargainee, or mortgagee resides." This statute was construed in *Weaver v. Chunn,* 99 N. C., 431, where it appeared that the mortgagor had personal property in Yancey County and also in Buncombe County where he resided. He executed a deed of trust on his property in Yancey County which was duly registered in that county, and afterwards he executed a deed of trust to another party (appellees) on his property both in Yancey and Buncombe counties, which was recorded in the latter county. This Court held that registration in Buncombe County was essential to the validity of the appellant's mortgage, and *Justice Merrimon* added: "Before it was registered in the last mentioned county the bargainor, by his second deed of trust, conveyed the same and other property to the appellee, and this deed was duly registered on the day of its execution in the county of Buncombe. The appellees, as had been decided in like cases, were purchasers for a valuable consideration, and, as their deed was registered in the proper county before that of the defendant, they got the title to the property in controversy. *Fleming v. Burgin,* 37 N. C., 584; *Robinson v. Willoughby,* 70 N. C., 358; *Todd v. Outlaw,* 79 N. C., 235; *Bank v. Mfg. Co.,* 96 N. C., 305. The mere fact that he had personal property there (Yancey County) did not constitute residence. The purpose of the statute is to have the deed of trust or mortgage registered in the county where the donor, bargainor, or mortgagor has actual personal residence; and the ·reason is that persons interested to have knowledge in such respect would go to the county where a person resides to see what disposition he had made of his personal property by deeds and other instruments required to be registered; they would not ordinarily look elsewhere. The statutory requirement is too plain to be mistaken." *Harris v. Allen,* 104 N. C., 86.

This brings us to the decisive question, whether the deed of trust to Mr. Whedbee was registered in the proper county, or, in other words, whether the sawmill with its fixtures was personal property. If it was, the registration should have been in Bertie County and not in Perquimans. There is nothing in the case to show that the sawmill was annexed to the realty or constituted a fixture, not even a trade fixture.

Discussing the question of fixtures and the character of property as personalty, *Justice Manning* said in *Cox v. Lighting Co.,* 151 N. C., 62: "Upon the third point of the contention of Smallwood, to wit, the knowledge of the Empire Company that its apparatus was to be annexed to the gas company's plant or to become additions thereto or as a substitution for other apparatus then in use. In the case of *Binkley v. Forkner,* 117 Ind., 176, the Court, in a well considered opinion upon this point, said: "Accordingly, the proposition is well sustained that one who purchases machinery with a view that it shall be annexed to or placed in a building, of which he is the owner, and who executes a chattel mortgage on the property so purchased, thereby evinces his intention that the property shall retain its character as personalty, regardless of the manner in which it may be annexed to the freehold. *Eaves v. Estes,* 10 Kan., 314; *Ford v. Cobb,* 20 N. Y., 344; *Sisson v. Hubbard,* 75 N. Y., 542; *Tift v. Horton,* 53 N. Y., 377; *Campbell v. Roddy,* 44 N. J. Eq., 244. But it will not be understood that parties may, by their convention and at their will, convert chattels real into chattels personal. If at the time of the agreement the chattels personal have been annexed to and become affixed to the realty, their character as a part of the real estate cannot be subsequently changed by a convention of the owner of the real estate with a stranger so as to conclude the rights of prior mortgagees or creditors or subsequent purchasers for value." And to the same effect is *Lancaster v. Ins. Co.,* 153 N. C., 285, which cites and approves *Cox v. Lighting Co.*

In *Lancaster's case* the Court construed a clause of the policy upon which the suit was brought, which provides against encumbrances on personal property, which was, in that case, "a steam engine, the engine and boiler inclosed in brick, and the same was being used for farm ginning." *Justice Hoke* said for the Court: "Under our decisions, where a vendor, as here, has sold goods, taking notes for the purchase money, and delivered possession, retaining title as security, and the contract has been properly registered according to the statute, Revisal, 983, the property, the subject-matter of the contract, retains its character as personalty, both as between the parties and others claiming adversely to the lien. *Cox v. Lighting Co.,* 151 N. C., 62. The goods, therefore, retained their character as personalty, and, in that aspect, the claim of the vendor, in this instance, was only an encumbrance in the nature of a chattel mortgage to secure the purchase

money, and, on the facts, the stipulation as to the nonexistence of such an encumbrance has been violated."

But aside from any authority upon the question, there is nothing to show that this sawmill was annexed to the realty so as to become a part of it as a fixture, but, on the contrary, the parties had described and treated it in their conveyances as personal property. With this declaration on their part, and in the absence of countervailing proof, we must take it that their description of the sawmill was correct. There is not enough in the use of the words "located" on the land or "occupying" the yard for us to justly or legally infer that the parties intended thereby to regard it as realty, or a fixture, when they had expressly stated to the contrary. There must be some more definite and satisfactory proof than we find in this record to show that the sawmill was other than personalty. This being so, the deed of trust to Mr. Whedbee on the sawmill should have been registered in Bertie instead of Perquimans County, and the plaintiffs having obtained a subsequent mortgage for its claim, and had it duly registered in Bertie County before the Whedbee deed of trust was recorded there, acquired the title, unless the other objections of the defendants are tenable.

They contend that plaintiff was not a purchaser for value within the meaning of the registration laws, because its mortgage was made to secure an antecedent debt; but we have decided otherwise in numerous cases. *Odom v. Clark,* 146 N. C., 544, 552, where it was said that "Claimants who now object to the judgment are holders of preëxisting debts provided for in these deeds. It has been held with us that such debts are sufficient to constitute the holders purchasers for value, within the meaning of our registration laws. *Brem v. Lockhart,* 93 N. C., 191, cited with approval in *Moore v. Sugg,* 114 N. C., 292. And under these laws (Revisal, sec. 982) defendants would hold the property, if the deeds themselves are good." See, also, *Potts v. Blackwell,* 57 N. C., 58; *Southerland v. Fremont,* 107 N. C., 565, 572; *Brown v. Mitchell,* 168 N. C., 312. It is next contended that plaintiff had actual knowledge of the Whedbee deed of trust when it took the mortgage from E. L. Crumpler. It is thoroughly well settled that "no notice, however full or formal, will supply the want of registration." *Robinson v. Willoughby,* 70 N. C., 358; *Quinnerly v. Quinnerly,* 114 N. C., 145; *Tremaine v. Williams,* 144 N. C., 114; *Todd v. Outlaw,* 79 N. C., 235; *Wood v. Tinsley,* 138 N. C., 507; *Collins v. Davis,* 132 N. C., 106; and the numerous cases cited in *Piano Co. v. Spruill,* 150 N. C., 168, 169. It was said in *Collins v. Davis, supra,* quoting language of *Justice Reade* in *Robinson v. Willoughby:* "The decisions have been uniform that deeds in trust and mortgages are of no validity whatever as against purchasers for value and creditors, unless they are registered, and

that they take effect only from and after registration, just as if they had been executed then and there . . . No notice, however full or formal, will supply the want of registration. The same rule as stated in the earlier cases has been uniformly applied since chapter 147, Public Laws 1885 (Revisal, secs. 980, 981), was enacted.

We have not discussed the question as to the effect of a mortgage for a preëxisting debt upon a prior equity existing against the mortgagor, as the question is not presented. It was considered in *Souther-land v. Fremont, supra.* Nor need we advert to the fact that the parties to this suit have no interest in the land where the sawmill was, nor in the lease thereof, but simply have mortgages upon the sawmill and its fixtures or attachments, considered and treated by them and their mortgagor as personal property, wholly detached and separated from the land.

There was no error in rendering judgment upon the facts, as agreed upon by the parties, in favor of the plaintiff.

Affirmed.