## TOWN OF ROANOKE RAPIDS v. JOHN L. PATTERSON.

### (Filed 27 September, 1922.)

**1. Taxation—Time of Listing Property.**

In 1919 the taxpayer was required to list his taxes on the first of May, and by Public Laws 1919, ch. 84, sec. 8, all property was required to have been listed as of 1 January for the years 1920, 1921, 1922, 1923, upon the valuation of May, 1919. By ch. 1, sec. 1, Extra Session of 1920, the valuation of 1 May, 1919, was approved and accepted for the years stated, and by sec. 8 of ch. 1, Extra Session of 1920, except for the purpose of taxation of the year 1920, the taxes were required to be listed 1 May, that is, those of 1921, etc.: *Held*, the language of these acts is unambiguous, leaving nothing open to construction, and requires that for the year 1920 the tax on property was to be charged on the tax books as of the first day of the year.

**2. Same—Domicile.**

Under the provisions of our statutes, all personal property and all taxable polls shall be listed by the taxpayer in the township in which he resides, the residence in such instances being interpreted as the place of domicile.

**3. Same—Residence—Animus Manendi.**

The words "domicile" and "residence" are not, in accuracy, convertible terms, the former being a person's fixed and established dwelling place, as distinguished from his temporary, although actual, place of "residence," the former implying both his physical presence in a particular locality and his intention to make this locality a permanent abiding place, both as to actual residence or occupancy and as to the *animus manendi*.

**4. Taxation—Change of Domicile—Place Where Taxes Are Due.**

Where a taxpayer has listed his property for taxation in May, 1919, in the township of his domicile, and a few days prior to 1 January, 1920, has made arrangements and intends to move his domicile to another township, but does not actually reside there until 3 January, 1920, his taxes are due and payable at the place of his former domicile, or the township from which he has removed.

APPEAL by defendant from *Allen, J.,* at March Term, 1922, of HALIFAX.

The issue was answered by the jury in favor of the plaintiff, and from the judgment rendered the defendant appealed.

*George C. Green for plaintiff.*
*W. E. Daniel, Travis & Travis, and Daniel & Daniel for defendant.*

ADAMS, J.   On 1 January, 1920, the defendant had situate in the town of Roanoke Rapids real property of the value of $2,700, and owned personal property of the value of $21,321.   The plaintiff levied for that year a tax of 85 cents on property valued at $100.   Upon the defendant's

refusal to pay the tax assessed against his property, the plaintiff brought suit and recovered judgment. The appeal involves the two questions whether the owner was required to list his property as of 1 January, 1920, and if so, whether at that time the defendant was a resident of Roanoke Rapids. In 1919 the taxpayer filed his verified statement with the list-taker on 1 May; but the next year it was not so. Special machinery was provided by the Revaluation Act. "All real property shall be valued as of 1 May, 1919, and when such valuation has been completed, it shall become the value to be used for all tax purposes for the years 1920, 1921, 1922, and 1923. All personal property shall be listed as of 1 January in each year, and from and after the completion of the revaluation herein provided for all real property shall be listed as of 1 January of each year." Public Laws 1919, ch. 84, sec. 6. See secs. 19, 21. "The assessment of valuation of property, made under provisions of chapter 84 of the Public Laws of 1919, is hereby approved by the General Assembly and adopted as the basis for the levy of tax rates by the State, and by all subdivisions of the State for which taxes are levied for the year 1920, and the valuation of real property so fixed shall be adopted for the years 1921, 1922, and 1923, except as such valuations may be hereafter changed according to law." Public Laws, Extra Session, 1920, ch. 1, sec. 1. "The tax upon all real and personal property shall be charged upon the tax books for the year 1920 against the owners of such property on 1 January, 1920, in accordance with the intent and purpose of chapter 84 of the Public Laws of 1919, and whenever in said act there is any provision requiring property to be listed for taxation after the year 1920 on 1 January, that such provisions are hereby amended by substituting in lieu thereof the words '1 May,' to the end that all personal property may be listed, and all real property relisted as of 1 May after the year 1920, under the rules and regulations as may be hereafter provided by the General Assembly." Public Laws, Extra Session, 1920, sec. 8. In these statutes the legislative intent is clearly indicated; the language is unambiguous, and resort to extrinsic aids to construction is not required. The conclusion is unavoidable that for the year 1920 the tax on property was to be charged on the tax books as of the first day of the year. The time for listing property since 1920 is designated in Public Laws, Extra Session, 1920, ch. 1, sec. 8, *supra*.

The law provides that all personal property and all taxable polls shall be listed in the township in which the person so charged resides. Ordinarily this is the place of domicile. *Hall v. Fayetteville*, 115 N. C., 281. The question of the defendant's domicile was submitted to the jury. His counsel requested the instruction that if it was his intention to terminate his legal domicile in Roanoke Rapids on 31 December, 1919, and to transfer it to Rosemary, and in pursuance thereof removed with

his family from Roanoke Rapids on the morning of 3 January, and thereafter listed his personal property in Rosemary; he was not a resident of Roanoke Rapids on the first of January. This instruction his Honor declined, and charged the jury that both an intention or purpose and the consummation of such purpose were necessary to effect a change of domicile. When accurately used, "domicile" and "residence" are not convertible terms. Domicile is a person's fixed, permanent, established dwelling-place, as distinguished from his temporary, although actual, place of residence. *Salem v. Lyme,* 29 Conn., 74; *Reynolds v. Cotton Mills,* 177 N. C., 412; *Wheeler v. Cobb,* 75 N. C., 21; *Horne v. Horne,* 31 N. C., 99. Domicile implies both physical presence in a particular locality and an intention to make such locality a permanent abiding place—both a residence and the *animus manendi.* The defendant's own testimony is to the effect that he acquired his domicile at Roanoke Rapids in 1901, and is, moreover, substantially an admission that he made no change of domicile or residence until 3 January, 1920. By careful examination of the record, we are satisfied that the defendant's exceptions should not be sustained, and that the appeal presents

No error.