CORNELIA SERMONS, EXECUTRIX, v. FRANK ALLEN ET AL.

(Filed 27 September, 1922.)

1. **Evidence — Written Contracts — Lost Writing — Contents—Search— Notice to Produce.**

Where a party to a written duplicated contract desires to introduce parol evidence of its terms, on the ground that he had lost his own copy, and on the failure of the adverse party to produce the duplicate original after notice, it is necessary that he shall have reasonably exhausted all sources of information and means of discovery of his own copy, of which the circumstances would suggest, and which were accessible to him; and the written notice to produce must also be reasonable as to time and place.

2. **Same—Nonresident Party.**

Where the adverse party, to whom notice to produce a written contract, the subject of the action, is to be given, resides at a different place from that of the trial, it is required, for the introduction of parol evidence of the terms of the writing, that such notice shall have been given him before he had left home to attend the trial, and notice thereof given him during the trial of the cause is insufficient.

APPEAL by defendants from *Cranmer, J.,* at February Term, 1922, of CRAVEN.

Civil action to recover damages for an alleged breach of warranty or guarantee in a contract for the sale of land.

There was evidence on behalf of the plaintiff tending to show that the defendants agreed to sell the land in question, guaranteeing the plaintiff's husband (since deceased) the sum of $20,000 in cash, or satisfactory notes and mortgage for said amount from the purchasers, and the defendants were to receive and retain all over and above this amount as commissions for making the sale. All costs of sale were to be paid by defendants. The land, supposed to contain 141.2 acres, was sold by the acre at $144 per acre, making a total of $20,332.80. Later the purchasers discovered that there was a shortage of 12.3 acres in the acreage, and they demanded a rebate or a credit of $1,771.20 on their note. This

was allowed by the plaintiff, and she now brings suit to recover said amount from the defendants, on their alleged guarantee of a net return of $20,000.

The defendants contend that they were only the selling agents of the owners, and that no such guarantee was incorporated in the contract. The whole amount of the purchase price was turned over to plaintiff's husband, and he paid the defendants their commission of $332.80.

From a verdict and judgment in favor of plaintiff, the defendants appealed.

*Moore & Dunn and R. A. Nunn for plaintiff.*
*Guion & Guion for defendants.*

STACY, J. The contract between the parties was in writing, but it was not offered in evidence. Its terms are in dispute and the plaintiff undertook to show what they were by secondary proof. The appeal presents, in the first instance, the competency of this evidence.

Henry L. Sermons, son of the plaintiff, but who was not a party to the suit, testified that there were four copies of the contract; that he had a copy, his father and mother each had a copy, and that the defendants had a copy. He further testified: "I do not know what became of them after the sale was concluded. I kept my copy in my trunk in the house. My wife and I have both looked thoroughly for it. I have not looked for my mother's copy. We live about one hundred and fifty yards apart.

"Q. Just state what the contract was?"

Defendants' counsel to the court: "If your Honor please, no notice has been served on us."

The court to defendants' counsel: "Yes, sir; let that appear in the record."

Plaintiff's counsel to the court: "We now demand production of it, if they have it."

The witness further testified, on cross-examination: "I think there were two separate contracts made, one between me and Allen and Murray (for my part of the land), and one between my mother and father and Allen and Murray. . . . I really don't know whether there were two contracts or not. That's the truth, for sure, I think there were two."

Mrs. Sermons testified: "I remember the time the contract was made. I have never seen the contract since the day the land was sold."

"The court found as a fact that the contract in question, in the possession of the plaintiff, had been lost, and that a diligent search for it had been made, to which the defendants excepted."

We agree with counsel for defendants that the foregoing was not sufficient to warrant the introduction of secondary evidence to prove the

contents of the written instrument. *Avery v. Stewart,* 134 N. C., 287, where this question is exhaustively treated in an opinion by *Associate Justice Walker.* The only positive evidence of the loss of the contract here sued upon was the testimony of Mrs. Sermons to the effect that she had not seen the contract since the day of sale. The rule applicable in such cases is stated in 1 Greenleaf on Evidence, sec. 558 (16 ed., sec. 563 b), as follows: "It seems that in general the party is expected to show that he has in good faith exhausted, in a reasonable degree, all the sources of information and means of discovery which the nature of the case would naturally suggest, and which were accessible to him." See, also, *Green v. Grocery Co.,* 159 N. C., 118, and *Thompson v. Lumber Co.,* 168 N. C., 228.

It will be observed that the court's finding only established the loss and inability, after diligent search, to locate the plaintiff's copy of the contract. No notice was served on the defendants, prior to the trial, to produce their copy. The cause was then being tried in Craven County, and the defendant Allen lives in Wake. "Generally, if the party dwells in another town than that in which the trial is had, a service on him (to produce papers) at the place where the trial is had, or after he has left home to attend the court, is not sufficient." *Beard v. R. R.,* 143 N. C., 141.

The other exceptions are not likely to arise on another hearing, and we shall not consider them now.

New trial.