INDUSTRIAL DISCOUNT CORPORATION v. OSCAR RADECKY, C. N. BURNETT, SHERIFF, LYON DAWSON GARMENT COMPANY, AND PAUL THOMPSON.

(Filed 20 September, 1933.)

**1. Chattel Mortgages B b—Provision that mortgage be registered in county of mortgagor's "residence" means actual residence and not domicile.**

The meaning of the term "residence" depends upon the connection in which it is used, and the term is not synonymous with "domicile," and the term as used in our statute requiring the registration of a chattel mortgage in the county in which the mortgagor resides, or if the mortgagor is a nonresident, in the county in which the property is situated, to be effective as against creditors and purchasers for value, C. S., 3311, is the actual personal residence of the mortgagor, and the instruction in this case, construed as a whole, properly submitted to the jury upon conflicting evidence whether the mortgagor was a resident of the county in which the mortgage was recorded or a nonresident with his domicile in another state.

**2. Appeal and Error J e—**

In an action involving the residence of one of the parties an exception to the introduction in evidence of a contract between the party and a third person, describing the party as being of a city in another state, is not sustained.

APPEAL by plaintiff from *Alley, J.,* at April Term, 1933, of MADISON. No error.

This is a proceeding in claim and delivery for the possession of a Dodge truck for the purpose of sale under a mortgage. On 26 July,

1932, Oscar Radecky executed a chattel mortgage conveying the truck to the plaintiff as security for a loan of $250.00. The mortgage was registered in Buncombe County on the first day of August, 1932; it has never been registered in Madison. When the mortgage was registered the truck was in Madison County and has been there ever since.

After the registration of the mortgage in Buncombe the Lyon Dawson Garment Company obtained a judgment in Madison against Radecky for $192.73 with interest, had it docketed, and issued an execution thereon which was levied on the truck by the sheriff of Madison; and Paul Thompson, after the registration of the mortgage caused a warrant of attachment in the sum of $96.00 to be levied by the sheriff of Madison on the same property. The mortgagor was in default when the plaintiff instituted its action. By agreement of the parties only one issue was submitted to the jury, the verdict being as follows: "Was the mortgagor, Oscar Radecky, a nonresident of the State of North Carolina at the date of the execution of the mortgage in question, to wit, 26 July, 1932? Answer: Yes."

Judgment for defendants; appeal by plaintiff.

*Alvin S. Kartus for appellant.*
*John A. Hendricks and Mack E. Ramsey for appellees.*

ADAMS, J. It is provided by statute that no mortgage for personal estate shall be valid at law to pass any property as against creditors or purchasers for a valuable consideration from the mortgagor but from the registration of such mortgage in the county where the mortgagor resides, or in case the mortgagor resides out of the State, then in the county where the personal estate or some part of it is situated; or in case of choses in action where the mortgagee resides. C. S., 3311. According to the verdict Radecky, the mortgagor, was a nonresident of North Carolina when he gave the plaintiff the mortgage in controversy; and if he was, the mortgage should have been registered in Madison County. *Weaver v. Chunn*, 99 N. C., 431; *Bank v. Cox*, 171 N. C., 76; *Sloan Bros. v. Sawyer-Felder Co.*, 175 N. C., 657. It was registered only in Buncombe; and the court adjudged that the plaintiff take nothing by its action. It is obvious that the judgment is final unless error was committed in the trial.

The appellant attacks the instructions given the jury on the ground that the presiding judge predicated the rights of the parties upon the legal residence or permanent residence of the mortgagor as distinguished from his actual personal residence. In this position we do not concur.

The term "residence" has no fixed meaning which is applicable to all cases, its definition in a particular case depending upon the connection in which it is used and the nature of the subject to which it per-

tains. *Chitty v. Chitty,* 118 N. C., 647; *Brann v. Hanes,* 194 N. C., 571. It is not technically synonymous with "domicile." The latter imports the residence at a particular place of a person who intends to remain there permanently, or for an indefinite length of time, or until some unexpected event shall occasion his departure. The *animus manendi* must be coincident with the actual residence. *Reynolds v. Cotton Mills,* 177 N. C., 412. Domicile is a person's fixed, permanent dwelling-place as distinguished from his temporary, although actual, abode. *Roanoke Rapids v. Patterson,* 184 N. C., 135.

It is said in *Weaver v. Chunn, supra,* that the purpose of section 3311 is to have a chattel mortgage on personal property registered in the county where the mortgagor, if a resident of the State, has his actual personal residence, so that interested persons may be informed as to the records which are designed to show any encumbrance or disposition of his property.

On the question of the mortgagor's residence the evidence is conflicting. For the plaintiff there is testimony which would have justified a finding that Radecky was a resident of Asheville when he executed the mortgage, and for the defendants, that his domicile was in Kansas and that he was a nonresident of North Carolina. The issue was determined by the jury upon a charge which contains no reversible error. The specific instruction as to "residence" must be construed in connection with the explanation that the word signifies the actual personal residence of the mortgagor and not necessarily his domicile, or legal residence, as the plaintiff contends.

The exception taken to the introduction of a contract between Radecky and the Marshall Mill Company executed in January, 1932, in which the party of the second part is described as "Oscar Radecky, of Kansas City" does not constitute ground for a new trial and cannot be sustained. Upon inspection of all the exceptions we find

No error.