M. & J. FINANCE CORPORATION v. M. S. HODGES, SHERIFF OF ROCKING-
HAM COUNTY, AND BANK OF REIDSVILLE, INC.

(Filed 21 September, 1949.)

**1. Registration § 1—**

Claims in equity resting in parol do not come within the purview of
our registration statutes.

**2. Chattel Mortgages § 10e: Registration § 5c—**

An unregistered chattel mortgage creates no equity in the mortgagee.

**3. Same—**

The rule that the equitable owner may assert his claim against the
grantee or lienee of the apparent owner unless such grantee or lienee is a
purchaser for value without notice, does not apply to the mortgagee in an
unregistered chattel mortgage, since an unregistered chattel mortgage
creates no equity in the mortgagee.

**4. Trusts § 5d—**

A purchaser for value who takes free from claims in equity resting in
parol is one who has advanced some new consideration or incurred some
new liability on the faith of apparent ownership, and an antecedent debt
will not suffice for this purpose.

**5. Chattel Mortgages § 10b—**

A chattel mortgage is effective as against creditors and purchasers for
value only from the time of registration.

**6. Chattel Mortgages § 10c—**

A creditor is not protected from the claim of the mortgagee in an un-
registered chattel mortgage until he has in some legal manner acquired a
lien against the personal property, but a pre-existing debt is a valuable
consideration and is sufficient to support the claim of the creditor when
he has acquired a lien on the property thereunder.

**7. Judgments § 22a—**

A judgment does not constitute a lien against the personal property
of the judgment debtor.

**8. Execution § 7—**

A lien against the personal property of the judgment debtor is acquired
upon seizure of the property by an officer under authority of an execution.

**9. Execution § 8: Chattel Mortgages § 10d—**

An automobile of the judgment debtor was seized under execution prior
to the registration of a chattel mortgage executed by him subsequent to
the judgment but before the issuance of execution thereon. *Held:* The
lien of execution has priority over the lien of the subsequently registered
chattel mortgage.

APPEAL by defendants from *Gwyn, Resident Judge,* 2 April, 1949,
ROCKINGHAM.　Reversed.

Civil action in claim and delivery to recover the possession of an automobile.

James Moore is a resident of Rockingham County, N. C. On 30 September, 1948, he purchased a Plymouth 4-Door Sedan from City Auto Sales Company and gave his note in the sum of $1,508.40, secured by a chattel mortgage on the automobile, in part payment of the purchase price. On the same day the seller transferred and assigned the note and mortgage to the plaintiff herein. This mortgage was duly registered 26 October, 1948.

In January 1948, defendant Bank of Reidsville procured judgment against James Moore in the sum of $961.06, interest and costs. This judgment was duly docketed in Rockingham County.

On 22 October, defendant Bank caused execution to issue on said judgment and the defendant sheriff, under authority thereof, duly levied upon and took into his possession said automobile for the purpose of selling the same to satisfy said execution. He proceeded to advertise the same for sale as required by law.

On 15 November 1948 the plaintiff instituted this action and procured the issuance of a writ of claim and delivery under which the coroner of Rockingham County seized said automobile and, the defendants having failed to replevy, delivered possession thereof to plaintiff. The automobile was sold and the proceeds of sale are being held pending the determination of the controversy respecting the priority of liens. The sale price was insufficient to satisfy plaintiff's claim so that if it holds the first lien, the defendants recover nothing.

The parties entered into a stipulation waiving trial by jury and submitting the cause to the resident judge on facts agreed. The judge, being of the opinion that the lien of plaintiff is superior to and takes priority over the levy under execution, rendered judgment that plaintiff have and recover possession of said automobile. Defendants excepted and appealed.

*D. F. Mayberry for plaintiff appellee.*
*Scurry & McMichael for defendant appellants.*

BARNHILL, J. The plaintiff's chattel mortgage was executed 30 September 1948 but was not registered until 26 October 1948. The automobile was seized under execution on defendant's judgment 22 October 1948. Thus on the date of seizure under execution, plaintiff's mortgage was not of record. Which party holds the prior lien? This is the one question posed by this appeal. Our decisions answer in favor of defendants.

The plaintiff stressfully insists that the defendant bank is not a creditor or purchaser for value within the meaning of our registration statute

for the reason its judgment was rendered on an antecedent or pre-existing debt. This contention cannot be sustained.

Where a third party is the owner of the equitable title to property by virtue of some equity resting in parol, the grantee or lienee of the apparent owner is protected against the claim of the beneficial owner only in the event he is a purchaser for value without notice, and to constitute him a purchaser for value he must have advanced some new consideration or incurred some new liability on the faith of the apparent ownership. There must be a new consideration moving between the parties, and for such purpose an existing or antecedent debt will not suffice. That is to say, claims in equity resting in parol do not come within the purview of our registration statutes. G.S. Chap. 47, Art. 2. *Small v. Small,* 74 N.C. 16; *Southerland v. Fremont,* 107 N.C. 565; *Wallace v. Cohen,* 111 N.C. 103; *Carpenter v. Duke,* 144 N.C. 295; *Bank v. Bank,* 158 N.C. 238, 73 S.E. 157; *Bank v. Cox,* 171 N.C. 76, 87 S.E. 967; *Spence v. Pottery Co.,* 185 N.C. 218, 117 S.E. 32; *Weil v. Herring,* 207 N.C. 6, 175 S.E. 836.

That line of cases has no bearing on the question here presented. Plaintiff claims under an unregistered mortgage which creates no equity. *Weil v. Herring, supra; Todd v. Outlaw,* 79 N.C. 235.

The mortgagor was a resident of Rockingham County. Hence, G.S. 47-20 is controlling. That statute regulates priorities as between written instruments affecting the title to property and other legal claims and is designed to protect creditors and purchasers for value against any adverse claim founded on an unrecorded lien.

Unregistered mortgages are of no validity whatsoever as against creditors and purchasers for value unless they are registered. They take effect as against such interested third parties from and after registration just as if they had been executed then and there. *Robinson v. Willoughby,* 70 N.C. 358; *Bostic v. Young,* 116 N.C. 766; *Bank v. Cox, supra.*

Even so, it is not every creditor who is protected against unrecorded mortgages. A creditor has no claim to the personal estate of his debtor until he has first fastened a lien upon it in some manner sanctioned by law.

As to liens coming within the purview of the registration statute, a pre-existing debt is a valuable consideration and is sufficient to support the claim of a creditor who has fastened his lien upon the property of his debtor. *Bank v. Cox, supra; Brem v. Lockhart,* 93 N.C. 191; *Moore v. Sugg,* 114 N.C. 292; *Odom v. Clark,* 146 N.C. 544; *Weil v. Herring, supra; Sansom v. Warren,* 215 N.C. 432, 2 S.E. 2d 459; *Bostic v. Young, supra; Fleming v. Graham,* 110 N.C. 374; *Brown v. Mitchell,* 168 N.C. 312, 84 S.E. 404; *Southerland v. Fremont, supra.*

Thus the title of a receiver in an insolvency proceeding, *Acceptance Corporation v. Mayberry,* 195 N.C. 508, 142 S.E. 767; *Sermons v. Allen,* 184 N.C. 127, 113 S.E. 605; *Starr v. Wharton,* 177 N.C. 323, 98 S.E. 818, or of a trustee under a deed of assignment for the benefit of creditors, *Brem v. Lockhart, supra; Drill Co. v. Allison,* 94 N.C. 548; *Observer Co. v. Little,* 175 N.C. 42, 94 S.E. 526; *Starr v. Wharton, supra,* or of an attaching creditor, *Salassa v. Mortgage Co.,* 196 N.C. 501, 146 S.E. 83, or of a trustee in bankruptcy, *Hetherington & Sons v. Rudisill,* 62 A.L.R. 377, is superior to the claim of a mortgagee who has failed to record his lien.

While a judgment constitutes no lien upon the personal estate of the judgment debtor, seizure thereof by an officer under authority of an execution creates a special property therein and a lien thereon for the purpose of satisfying the execution. It is the levy under execution that creates the lien in favor of the judgment creditor. *Penland v. Leatherwood,* 101 N.C. 509; *Discount Corporation v. Radecky,* 205 N.C. 163, 170 S.E. 640.

At the time of the seizure under execution by defendant sheriff, plaintiff's mortgage was not of record. As against the defendants it was ineffectual to convey title to or create a lien upon the automobile. The seizure and sequestration of the property under authority of the execution created a claim to the property superior in point of time and effect to the claim of plaintiff. Its lien attached subsequent to the one acquired by defendant and its claim is subordinate thereto.

*Discount Corporation v. Radecky, supra,* is directly in point and sustains this conclusion. There the mortgagor was a nonresident, but the automobile had acquired a *situs* in Madison County. Subsequent to the execution of the plaintiff's chattel mortgage but prior to its registration in Madison County, defendant obtained a judgment on a pre-existing debt against the mortgagor and the automobile was seized under execution issued on the judgment. Plaintiff thereafter recorded its mortgage in Madison County. The trial court held that the lien created by the levy under execution was superior to the claim of the mortgagee and so adjudged. This Court affirmed.

*Cox v. Lighting Co.,* 151 N.C. 62, 65 S.E. 648, cited and relied upon by plaintiff is not in point. Decision there was controlled by a principle of law not applicable here. Nor is *Credit Corp. v. Walters,* 230 N.C. 443, controlling. There the material facts failed to bring the defendant within the protective provisions of the statute.

As the defendants acquired an effective lien upon the automobile prior to the registration of plaintiff's mortgage their lien is superior. Therefore, the judgment entered must be

Reversed.