C. J. SHEFFIELD AND E. L. SHEFFIELD, TRADING AS SHEFFIELD MOTOR COMPANY, AND UNIVERSAL COMMERCIAL INVESTMENT TRUST CORPORATION, v. G. B. WALKER, W. C. SHEPHERD CONSTRUCTION COMPANY, AND GLOBE INDEMNITY COMPANY.

(Filed 22 March, 1950.)

**1. Domicile § 1—**

"Residence" means a person's actual place of abode, whether permanent or temporary; "domicile" denotes a person's permanent dwelling place to which, when absent, he has the intention of returning. Therefore, a person may have his residence in one place, and his domicile in another.

**2. Chattel Mortgages and Conditional Sales § 8—**

The word "residence" as used in G.S. 47-20, G.S. 47-23, imports less than domicile and more than physical presence in the character of a mere transient, and means a fixed abode for the time being, or actual personal residence.

**3. Same—**

The provisions of G.S. 47-20 and G.S. 47-23, that a conditional sales contract or chattel mortgage be registered in the county of the residence of the vendee or mortgagor, require registration in the county of his residence as distinguished from domicile to effectuate the purpose of the statutes to give notice to interested parties.

**4. Same—**

Evidence that the vendee in a conditional sales contract had his domicile in another state but that he came to a county in this State in pursuing his regular occupation, and that for a short time before, at the time of, and a few days after the registration of the contract, ate and slept at fixed places in a village in the county in which the instrument was registered, is sufficient to be submitted to the jury on the question of whether the instrument was registered in the county of the vendee's residence.

APPEAL by defendant, W. C. Shepherd Construction Company, from *Bone, J.,* and a jury, at the October Term, 1949, of WAYNE.

Civil action involving conflicting claims to priority of liens on a truck.

For convenience of narration, the plaintiffs, C. J. Sheffield and E. L. Sheffield, trading as the Sheffield Motor Company, are called the Sheffield Company; the plaintiff, Universal Commercial Insurance Trust Corporation, is designated as the Universal Corporation; and the defendant, W. C. Shepherd Construction Company, is referred to as the Shepherd Company.

The complaint alleges facts sufficient to entitle the plaintiffs to the relief they seek, to wit: (1) A judgment against the defendant, G. B. Walker, for $994.58 as a debt secured by a conditional sales contract on a Ford truck; and (2) the possession of such truck for sale under the conditional sales contract for the satisfaction of the judgment. The defendant Walker was served by publication, and did not defend. The defendant, the Shepherd Company, answered, averring facts ample to justify it in retaining the Ford truck as the mortgagee named in a chattel mortgage. The plaintiffs invoked the ancillary writ of claim and delivery to take immediate custody of the truck, but the defendant, the Shepherd Company, retained its possession under a bond for replevy whereon the defendant, Globe Indemnity Company, is surety.

Testimony offered by plaintiffs at the trial was sufficient to establish these matters: On 5 September, 1947, the plaintiff, Sheffield Company, a dealer in motor vehicles in Duplin County, sold the Ford truck to the defendant, G. B. Walker, under a conditional sales contract whereby the Sheffield Company retained title as security for the contract price. This conditional sales contract was registered in the office of the Register of Deeds of Duplin County on 11 September, 1947. The Sheffield Company assigned the contract price and the conditional sales contract securing it to the plaintiff, the Universal Corporation, under an agreement whereby the Sheffield Company guaranteed the payment of the contract price by Walker. Walker defaulted in the payment of the contract price, leaving $994.58 due thereon. The Ford truck was worth at least $1,000.00 at the time of its seizure under the writ of claim and delivery.

Evidence presented by the defendant, the Shepherd Company, indicated that the truck was regularly kept and used in Lenoir and Wayne Counties, North Carolina, from 15 September, 1947, until 27 April, 1948; that meanwhile, *i.e.,* on 23 January, 1948, the defendant Walker executed a chattel mortgage to the defendant, the Shepherd Company, as security for a debt; and that immediately afterwards such chattel mortgage was registered in Lenoir and Wayne Counties.

The complaint predicated the propriety of the registration of the conditional sales contract in Duplin County solely upon the allegation that Walker was a resident of Duplin County at the time of its recording.

The only testimony relating to the whereabouts of Walker prior to 15 September, 1947, was adduced by the plaintiffs, who conceded that Walker claimed that his permanent home was at Lynchburg, Virginia. This evidence tended to show that Walker was a road contractor, who moved from place to place as highway work became available; that he actually engaged in road construction in Duplin County from about 1 July, 1947, until 14 September, 1947; and that during this entire period he ate and slept at fixed places in the village of Beulaville in Duplin County. The defendant, the Shepherd Company, offered evidence indicating that Walker did highway work in Lenoir and Wayne Counties from 15 September, 1947, until 23 January, 1948, and that since that time his whereabouts have been unknown.

Issues were submitted to and answered by the jury as follows:

"1. Was the conditional sales contract of the plaintiffs referred to in the complaint duly executed and registered according to law? Answer: Yes.

"2. In what amount, if any, is the defendant G. B. Walker indebted to the plaintiffs on said conditional sales contract? Answer: $994.58.

"3. Are plaintiffs entitled to the immediate possession of the 1947 Ford truck described in the complaint? Answer: Yes.

"4. Is the defendant W. C. Shepherd Construction Company in the wrongful possession of said Ford truck? Answer: Yes.

"5. What was the fair market value of the said Ford truck at the time of the seizure thereof by the Sheriff under the writ of Claim and Delivery? Answer: $1,000.00."

Judgment was entered on the verdict in favor of the plaintiffs, and the defendant, the Shepherd Company, excepted and appealed, assigning as errors the denial of its motions for a compulsory nonsuit and certain excerpts from the charge.

*R. D. Johnson and J. Faison Thomson for the plaintiff, appellees.*

*James N. Smith for the defendant, the Shepherd Company, appellant.*

ERVIN, J.   Chattel mortgages and conditional sales are nearly allied to each other.  *Poindexter v. McCannon,* 16 N.C. 373, 18 Am. Dec. 591. For this reason, G.S. 47-20, which covers chattel mortgages, and G.S. 47-23, which embraces conditional sales, prescribe identical requirements for their recording.  These statutes provide that a chattel mortgage or a conditional sale of tangible personal property is valid as against creditors or purchasers for a valuable consideration from the mortgagor or vendee only from and after its registration in the county where the mortgagor or vendee resides if he resides in the State, or in the county where the property is situated if he resides out of the State.

Since there is no allegation and proof that the Ford truck was situated in Duplin County at the determinative time, the primary question raised by this appeal is simply this : Was the testimony presented by the plaintiffs at the trial sufficient to sustain the proposition that Walker resided in Duplin County when the conditional sale was registered, *i.e.,* on September 11, 1947 ?

It was well said by the late *Justice Oliver Wendell Holmes* that "a word is not a crystal, transparent and unchanged; it is the skin of a living thought and may vary greatly in color and content according to the circumstances and time in which it is used."  *Towne v. Eisner,* 245 U.S. 418, 38 S. Ct. 158, 62 L. Ed. 372.  This aphorism finds abundant exemplification in the word "residence," which has many shades of meaning, ranging all the way from mere temporary presence to the most permanent abode.   17 Am. Jur., Domicil, section 9.

"Residence" is sometimes synonymous with "domicile."   But when these words are accurately and precisely used, they are not convertible terms.   *Thayer v. Thayer,* 187 N.C. 573, 122 S.E. 307.   "Residence" simply indicates a person's actual place of abode, whether permanent or temporary; "domicile" denotes a person's permanent dwelling-place, to which, when absent, he has the intention of returning.  *Owens v. Chaplin,* 228 N.C. 705, 47 S.E. 2d 12; *Roanoke Rapids v. Patterson,* 184 N.C. 135, 113 S.E. 603.   Hence, a person may have his residence in one place, and his domicile in another.  *Wheeler v. Cobb,* 75 N.C. 21.

When due heed is paid to both the legislative purpose and the context, the meaning of the statutory requirement under scrutiny becomes plain. G.S. 47-20 and G.S. 47-23 are designed to give notice of chattel mortgages and conditional sales to third persons; and the requirement that such instruments are to be registered in the county where the maker resides is based on the legislative realization that "persons interested to have knowledge in such respect would go to the county where a person resides to see what disposition he has made of his personal property by deeds and other instruments required to be registered."  *Bank v. Cox,* 171 N.C. 76, 87 S.E. 967.

Manifestly, the recordation of a chattel mortgage or a conditional sale at the domicile of the maker would not be likely to give notice to third persons unless the place of his domicile and the place of his actual abode happen to coincide. Moreover, the end in view could not be attained by permitting registration in a place when the maker is physically present in the character of a mere transient. It thus appears that under these statutes "residence" means something more than a mere physical presence in a place, and something less than a domicile. The term clearly imports a fixed abode for the time being. For these reasons, it has been established by well considered decisions that G.S. 47-20 and G.S. 47-23 require a chattel mortgage or conditional sales contract executed by a resident mortgagor or vendee to be recorded in the county where he has *his actual personal residence*. *Discount Corporation v. Radecky,* 205 N.C. 163, 170 S.E. 640; *Bank v. Cox, supra; Weaver v. Chunn,* 99 N.C. 431, 6 S.E. 370.

These things being true, it is manifest that the testimony adduced by the plaintiffs at the trial was sufficient to warrant a finding that the defendant Walker had his actual personal residence in Duplin County at the time of the registration of the conditional sales contract. Consequently the court below rightly refused to dismiss the action upon a compulsory nonsuit.

The exceptions to the charge present no novel questions and are without substantial merit.

The trial and judgment are sustained; for there is in law

No error.