O. H. ORR, TRUSTEE, v. EARL TWIGGS AND DANIEL L. ENGLISH,
ADMINISTRATORS OF T. A. ENGLISH.

(Filed 14 October, 1936.)

**Evidence F c——**

> Evidence that written contract had been lost and could not be found
> after due diligence *held* sufficient to establish foundation for admission of
> parol evidence of contents of agreement.

APPEAL by the defendants from *Pless, J.,* at April Term, 1936, of
TRANSYLVANIA. No error.

Action to recover on check for $300.00 drawn by T. A. English on
the Pisgah Bank.

*Ralph H. Ramsey, Jr., for plaintiff, appellee.*
*Redden & Redden for defendants, appellants.*

PER CURIAM. This action was instituted by the plaintiff as trustee
under authority of C. S., 449. The assignments of error raise the
question as to whether the plaintiff has established by competent evidence
the existence of an express trust authorizing him to institute this action.
The plaintiff's evidence tended to show that when the Pisgah Bank went
out of business that there was a written contract entered into between
the former directors of the Pisgah Bank and the Brevard Banking
Company wherein the said directors guaranteed certain assets turned
over to the banking company, and wherein it was agreed that the plain-
tiff O. H. Orr, as trustee for the said directors, guarantors, should have
authority, *inter alia,* to institute suit to collect any obligations included
among said assets. After offering evidence tending to show that the
check sued on was actually included among such assets, and that this
written contract had been lost and could not be found, the plaintiff
offered further parol evidence tending to show the provisions of such
contract. To the parol evidence offered to establish the provisions of
the written contract the defendants in apt time objected, and the refusal
of the court to sustain such objections is made the basis of defendants'
principle assignments of error. The defendants argue that a sufficient
foundation was not laid for the introduction of the parol evidence as to
the terms of the written contract, in that (1) it was not shown that the
document was lost, and (2) it was not shown that due diligence had been
exercised to find the lost document.

The plaintiff Orr, before testifying as to the provisions of the con-
tract, testified: "A lengthy contract was entered into with the directors

of the bank. The contract was delivered to Mr. T. H. Shipman of the Brevard Banking Company. I do not know where it is now. I have made an effort to locate it and asked Mr. Shipman for it. When I asked for it they looked in the filing cases and said they could not find it, and I could not get the contract for that reason." T. H. Shipman, president of the Brevard Banking Company, a witness for the plaintiff, testified: "I remember that there was a written agreement about the transfer of certain items to the bank, and that this agreement was delivered to me. I did not find that agreement. I made an effort to find it. I do not know where it is now. That agreement was made between the two banks, the Pisgah Bank and the Brevard Banking Company, the directors of both banks. Yes, that contract was delivered to me. I think it was in duplicate. . . . The contract was read to the directors. I saw it after it was signed in my office. It should have been in the files of the bank. I looked in every place where it should have been. . . . I think we put it in the safety deposit box. I looked in that safety deposit box." We think, and so hold, that this evidence was sufficient to establish both the loss of the instrument and due search therefor, and that it laid a sufficient foundation for the introduction of secondary or parol evidence as to the contents of the lost instrument.

The assignments of error based upon refusal to grant motion for judgment as of nonsuit and upon the charge are practically all made upon the theory that the evidence as to the provisions of the written contract, particularly as to the provision authorizing the plaintiff as trustee to institute actions to collect the obligations to the former Pisgah Bank which were included in the assets turned over to the Brevard Banking Company, were incompetent, and since we hold that such evidence was competent the assignments of error cannot be sustained.

Upon the record we find

No error.