SOUTHERN AUTO FINANCE COMPANY, A LIMITED PARTNERSHIP BY FRANKLIN S. CLARK, SOLE GENERAL PARTNER v. T. G. PITTMAN AND JANE LASSITER AMAN,

(Filed 14 December, 1960.)

**1. Claim and Delivery § 2—**

Where defendant in claim and delivery proceedings sets up the defense of payment, the burden of proof upon such defense is upon him, and when there is no evidence of valid payment the court may properly give peremptory instructions in plaintiff's favor upon the appropriate issues.

**2. Payment § 1—**

A check does not operate as payment when the check is not paid upon presentation to the bank because of the instructions of the maker, even though the payee, upon receipt of the check, marks its records to show payment.

**3. Same —**

Where the purchaser of an automobile executes a note for the balance of the purchase price and makes no payment thereon, the fact that the dealer executes his check to the finance company does not constitute payment when the check is not paid by the drawee bank upon instructions of the dealer, the facts being insufficient to invoke the law of agency, the purchaser not having relied upon any right of the dealer to collect money in payment of the discounted notes.

**4. Chattel Mortgages and Conditional Sales § 10: Automobiles § 4—**

Where chattel mortgage on an automobile is duly registered in the county in which the mortgagor resides, G.S. 47-23, a purchaser from the mortgagor does not acquire title free of the lien, notwithstanding his reliance upon the fact that the certificate of title of the Department of Motor Vehicles failed to show any outstanding liens. G.S. 20-57(d).

**5. Constitutional Law § 10—**

The courts must declare the rights of the parties in accordance with the law established and settled by prior decisions, the question of whether public policy requires a change in the law being in the exclusive province of the legislative body.

APPEAL by defendants from *Williams, J.,* May 1960 Term, of CUMBERLAND.

On 17 September 1959 T. G. Pittman purchased from his son, Tommy Pittman, doing business under the name of Tommy's Supreme, a Buick automobile. Part of the purchase price was represented by a note for $3,400.36, payable in monthly installments beginning 28 October 1959. Payment of the note was secured by conditional sales contract on the automobile. The note and lien were for value sold to plaintiff. The conditional sales contract was, on 1 October 1959, recorded in Johnston County, where defendant Pittman resided.

The Department of Motor Vehicles issued a certificate of title to T. G. Pittman for the Buick. This certificate did not disclose the existence of any lien. Defendant Aman purchased the car from T. G. Pittman on 28 October 1959.

Plaintiff seeks judgment for the debt and the possession of the car. Defendant Pittman pleaded payment.

Defendant Aman pleaded the failure of plaintiff to have the lien of the conditional sales contract noted on the certificate of title issued to defendant Pittman as an estoppel defeating plaintiff's right to possession of the automobile.

To determine the rights of the parties, the court formulated issues which were answered in part by consent of the parties and in part by the jury under instructions from the court as follows:

"1. Did the defendant, T. G. Pittman, execute the note and conditional sales contract, registered in Book 249, page 533, Registry of Johnston County, as set out in the complaint?

"Answer: Yes (by consent)

"2. Is the defendant, T. G. Pittman, indebted to the plaintiff?

"Answer: Yes

"3. If so, in what amount?

"Answer: $3400.36

"4. Is the plaintiff the owner and entitled to immediate possession of the automobile, as described in said contract?

"Answer: Yes

"5. Is the plaintiff estopped to claim ownership and possession of said Buick automobile by its acts and conduct, as against the defendant, Jane Lassiter Aman, as alleged in the Answer?

"Answer: No

"6. Was the property, to-wit: the automobile, described in the complaint and Writ of Claim and Delivery in this action, seized by the Sheriff of Wake County, where the automobile was situate?

"Answer: Yes (by consent)

"7. If so, what was the value of said automobile at the time it was seized as aforesaid?

"Answer: $2900 (by consent)

"8. Did the defendant, Jane Aman, execute the replevin bond in the amount of $6800.00, with Thomas E. Pittman and Gene T. Pittman as sureties thereon?

"Answer: Yes (by consent)."

Judgment was entered on the verdict and defendants appealed.

*Henry L. Anderson and Franklin S. Clark for plaintiff, appellee.*
*Wiley Narron and L. Austin Stevens for defendant appellants.*

RODMAN, J. The court gave peremptory instructions with respect to issues 2, 3, 4, and 5. Defendants assign these instructions as error.

Defendants, having admitted the execution of the note and lien, had the burden of establishing their plea of payment. *Schwabenton v. Bank*, 251 N.C. 655, 111 S.E. 2d 856; *Paving Co. v. Speedways, Inc.*, 250 N.C. 358, 108 S.E. 2d 641.

To show payment defendants rely on a check for $3,000, dated 30 September 1959, drawn by Tommy Pittman on First-Citizens Bank & Trust Co., payable to plaintiff's order. This statement appears on the check:

"This check is in payment of items as per statement following. Endorsement of Payee will constitute a receipt in full when check is paid.

"Tom G. Pittman

59 Buick 4 dr. LaSabre"

Tommy Pittman, defendants' witness, testified: "When I issued the check to Southern Auto Finance Company on the Buick, my intention was for the check to pay the account off. When I gave a check for an automobile I considered whatever lien against it would be paid. They accepted it with that understanding. When I gave the $3,000 check, I was holding the title certificate . . . This $3,000 check has not been paid in actual cash, maybe, not at the bank. The bank has not paid it . . . The car was paid off as far as I was concerned. I knew the check had not been paid. I did not get any money from my father to pay the car off. I didn't have any money . . ."

When plaintiff received the check, it made an entry on its books showing payment of the note. "It was a bookkeeping entry which was subsequently changed."

George Fisher, employee of plaintiff, witness for defendants, testified: "Tommy Pittman forwarded a check into our office to pay off said account. After we received this check, the account was paid off. We had never had a bad check on him before. The check wasn't paid. Check was marked returned at request of the maker. Tommy Pittman was a used car dealer and sold automobiles and discounted them with Southern Auto Finance Company. He received money, wrote receipts and payments and turned the money in to us. He collected a number of installment payments on various vehicles. Whenever money was collected, he sent the money into the office by check with Tommy Pittman or Tommy's Supreme Service the maker."

It is argued that Tommy Pittman was an agent with express or

implied authority to collect, and because of such authority, his worthless check given to his principal is a valid payment, releasing the maker from liability. The facts do not call for an application of the law relating to agency. The evidence completely negatives the idea that T. G. Pittman ever paid anything. He did not act in reliance upon his son's right to collect for plaintiff. He cannot benefit from the gratuitous act of a third person which was a mere colorable payment. Even a debtor cannot discharge his liability to his creditor by giving his check, which he knows to be worthless because of lack of funds, or, as in this case, because of instructions given the bank not to pay. *Paris v. Builders Corp.*, 244 N.C. 35, 92 S.E. 2d 405; *Wilson v. Finance Co.*, 239 N.C. 349, 79 S.E. 2d 908. Such worthless paper is no consideration for a release of the debt. If debts could be discharged in such manner, public confidence in all commercial paper would indeed be shaken.

The court was correct in holding there was no evidence of payment, and because there was no evidence of payment, plaintiff was entitled on the admissions to peremptory instructions on the second and third issues.

G.S. 20-50 requires the owner of a motor vehicle to be operated on the highways to be registered with the Department of Motor Vehicles. When registered, the Department issues a certificate of title showing "all liens and encumbrances upon the vehicle therein described." G.S. 20-57(d).

The title certificate endorsed to defendant Aman when she purchased from T. G. Pittman did not show any liens against the vehicle; but the lien held by plaintiff was then properly recorded in Johnston County. If, as defendants contend, G.S. 20-57 supplanted and removed motor vehicles used on the highways from the provisions of our registration statute, G.S. 47-23, the court was in error in giving peremptory instructions in plaintiff's favor on the fourth and fifth issues.

The position now taken by defendants was presented, considered, and decided adversely to their contention more than a quarter of a century ago. *Corporation v. Motor Co.*, 190 N.C. 157, 129 S.E. 414. The conclusion then reached is inherent in our subsequent decisions. *Whitehurst v. Garrett*, 196 N.C. 154, 144 S.E. 835; *Finance Corp. v. Hodges*, 230 N.C. 580, 55 S.E. 2d 201. The interpretation given in 1925 has not been rejected by the Legislature. If public policy now requires a different system of establishing ownership and encumbrances on motor vehicles, such policy must be declared by the Legislature.

It can enact laws to accomplish that purpose. We have neither the power nor the desire to usurp its prerogative.

No error.