COMMUNITY CREDIT COMPANY OF LENOIR, INC., PLAINTIFF v. ARTHUR R. NORWOOD, DEFENDANT, AND GENERAL MOTORS ACCEPTANCE CORPORATION, INTERVENOR.

(Filed 2 May 1962.)

**1. Automobiles § 4—**

Under the 1961 amendments to G.S. 20-72(b) and G.S. 20-75, the purchaser of a secondhand automobile from a dealer obtains title when the dealer endorses the old certificate of title to him and he applies for a new certificate of title. Title passes as of that time and not when the new certificate of title is actually issued by the Department of Motor Vehicles.

**2. Execution § 5—**

A judgment creditor obtains a lien on the personalty of the judgment debtor from the time an officer armed with judicial process acts in conformity therewith and thus makes a valid levy. G.S. 1-313(1). If the judgment debtor does not have title at that time, there can be no valid levy.

**3. Same; Automobiles § 4; Chattel Mortgages and Conditional Sales § 12— Priority between chattel mortgage and levy under execution.**

On the date judgment debtor purchased a secondhand automobile from a dealer and received the old certificate of title endorsed to him and made application for new certificate of title, levy on the automobile was made under execution upon the judgment. Two days later the lien of the purchase money mortgage was filed for registration. G.S. 47-20. *Held:* Under the 1961 amendments to G.S. 20-72(b) and G.S. 20-75, judgment debtor obtained title to the vehicle on the day the execution was levied, and therefore the lien of the levy has priority over the subsequently registered chattel mortgage, provided the levy was valid. The transactions occurred prior to the effective date of the 1961 amendments to

G.S. 20-58.10, rendering unnecessary the registration of a chattel mortgage or other liens upon an automobile.

**4. Appeal and Error § 59—**

Where the findings of fact are insufficient to support the adjudication of the rights of the parties, the judgment must be vacated and the cause remanded.

APPEAL by plaintiff from *Froneberger, J.,* January 1962 Term of CALDWELL.

On 16 December 1961 General Motors Acceptance Corporation (hereafter designated as intervenor) filed its motion asking that it be permitted to intervene in this action. It based the motion on its assertion of a valid first lien on a Ford automobile which had been advertised for sale for the purpose of satisfying an execution issued on a judgment against defendant Norwood. Touching the validity of the sale advertised to be made, it alleged the sheriff "has a purported execution against Arthur R. Norwood . . . said officer . . . has not until this date made or effected any levy on said vehicle as prescribed by law . . ."

Hearing the motion, Judge Froneberger found these facts: 1. De fendant Arthur R. Norwood traded a 1955 Chevrolet automobile to Tom Brooks Chevrolet Company, Inc., on 27 November 1961, and received therefor a 1958 Ford automobile. 2. Norwood executed a conditional sales contract to his vendor as part payment for the Ford. 3. The original certificate of title to the Ford was forwarded to the Department of Motor Vehicles prior to 13 December 1961. 4. A new certificate of title for the Ford was issued by the Department on 15 December 1961 to "Arthur R. Norwood showing on its face the lien to Tom Brooks Chevrolet Company, Inc." (Actually the certificate of title was issued to Richard Arthur Norwood, but the parties apparently treat Richard Arthur and Arthur R. as the same person.) The certificate of title shows the date of the lien as 11-27-61 and the amount as $1241.37. 5. On 13 December 1961 the sheriff of Caldwell County made a *purported levy* on the Ford under an execution issued on a judgment duly docketed in Caldwell County in favor of plaintiff. (The record does not show the sum which the execution authorized the sheriff to collect.) 6. On 15 December 1961 intervenor, holder in due course of the aforesaid conditional sales contract, caused said contract to be duly recorded in the office of the register of deeds of Caldwell County.

Based on the foregoing findings the court concluded that Norwood did not acquire title to the Ford until 15 December 1961, the date the Department issued the certificate of title to him, which certificate

showed the lien in favor of the dealer-seller for the balance of the purchase price. He thereupon ordered: "That the purported levy and the intended sale of said vehicle on January 27, 1962, be, and the same are hereby declared void and set aside." He further directed the sheriff to surrender the Ford to intervenor.

The parties stipulated the Ford had a fair market value on 13 December 1961, the date on which the purported levy was made, of $1200. Plaintiff excepted to the judgment and appealed.

*Hugh M. Wilson for plaintiff appellant.*
*Hal B. Adams for defendant Norwood and Townsend & Todd by James R. Todd, Jr., for intervenor.*

RODMAN, J. The findings, conclusions, and judgment require a determination of the effect of c. 835, S.L. 1961, on prior statutes relating to the registration of motor vehicles which were sold and encumbered between 1 July 1961 and 1 January 1962.

Prior to 1961 the owner of an automobile was required to apply to the Department of Motor Vehicles and obtain a registration for the vehicle before operating it on the highways. G.S. 20-50. He was likewise required to apply to the Department for a certificate of title, showing in his application his name and address, a description of the vehicle sufficient to identify it, his title and all liens thereon, with such additional information as the Department might need to determine if it was entitled to registration. G.S. 20-52. Upon a proper showing the Department issued to the owner a registration card and a certificate of title showing the name and address of the owner, a statement of his title, and all liens or encumbrances thereon. G.S. 20-57. When a registered vehicle was sold the owner was required to endorse and deliver his certificate of title to the purchaser unless sold subject to a lien for the purchase price. G.S. 20-72. If the purchaser executed a lien for the purchase money, the lienee could retain the old certificate, but it was his duty in that event to forward the certificate with a statement of the lien to the Department within twenty days. G.S. 20-72. If the new owner purchased free of encumbrance, it was his duty to make application for transfer of title and registration within twenty days after he made his purchase. If the certificate of title and registration certificate were retained by the lien holder, it was the purchaser's duty to see that these papers were forwarded to the Department within twenty days. G.S. 20-74. A dealer acquiring an automobile for resale was not required to have title to that vehicle registered in his name but he was required to deliver to the purchaser the

registration certificate and title which had been issued to the dealer's vendor and to notify the Department of such sale. G.S. 20-75.

Prior to 1961 a purchaser of a motor vehicle acquired title notwithstanding the failure of his vendor to deliver vendor's certificate of title or vendee's failure to apply for a new certificate. In *Peek v. Trust Co.*, 242 N.C. 1, 86 S.E. 2d 745, the court charged: "Now, the law does not prohibit the sale of a motor vehicle without a transfer and delivery of certificate of registration of title; in other words, one can sell a motor vehicle on one day and the title pass, and deliver or transfer the paper certificate of title on a later date." This Court, in approving that instruction, said: "(I)t is observed that the instruction as given is precisely in accord with the decision in *Corporation v. Motor Co.*, 190 N.C. 157; 129 S.E. 414." Similar interpretation was given the statute in *Finance Co. v. Pittman*, 253 N.C. 550, 117 S.E. 2d 423; 32 N.C. Law Review 545.

While purchaser's title was not dependent upon the certificate of title which it was his duty to apply for, he was guilty of a misdemeanor if he willfully failed to apply for a certificate within twenty days after he purchased. G.S. 20-73.

G.S. 20-72(b) was amended by sec. 8, c. 835, S.L. 1961, by adding at the end of that section the following sentence: "Transfer of ownership in a vehicle by an owner is not effective until the provisions of this subsection have been complied with." Sec. 9 made like amendment to G.S. 20-75. The quoted portion of the 1961 Act became effective 1 July 1961. Since 1 July 1961 the purchaser of an automobile does not acquire title until he has complied with the provisions of G.S. 20-72(b) and 75. These sections make it the duty of the purchaser to secure from his vendor the old certificate duly endorsed or assigned and to apply for a new certificate. They do not relate to the duty of the Department to issue a new certificate. What the amendments of 1961 say is: The vesting of title is deferred until the purchaser has the old certificate endorsed to him and makes application for a new certificate.

If, as appellee argues, the Legislature intended the quoted amendment to mean purchaser acquired no title until the Department issued him a certificate, it would doubtless have said: "Title shall not pass to purchaser until the Department has issued him a new certificate" or some other plain and positive language to that effect. The intent, declared in the preamble, to prevent vendor from using the old certificate to entrap the unwary was effectively accomplished by the language selected by the legislature.

The court found as a fact the certificates of title were forwarded to the Department prior to 13 December 1961. Title therefore vested in the judgment debtor Norwood when the application was made. To

hold that title did not vest until the Department actually issued the certificate would do violence to the language of the statute. It should be noted there is no suggestion in this case that the application for the issuance of a new certificate did not conform to the requirements of the Department. The statute necessarily implies, we think, that the application for a new certificate should be in proper form.

Since the findings establish that Norwood was the owner, on 13 December 1961, it was necessary for the court to determine the priority of the lien asserted by intervenor and the lien claimed by the judgment creditor. Intervenor's lien was filed for registration in Caldwell County on 15 December 1961. As against creditors or purchasers for value, it had no validity prior to the time it was filed for registration. G.S. 47-20.

The word creditors as used in the statute means those who have acquired a lien by judicial process or other means. *Observer Co. v. Little,* 175 N.C. 42, 94 S.E. 526. A judgment creditor acquires a lien on the judgment debtor's real estate by docketing. G.S. 1-234. But he acquires no lien on the personalty until there has been a valid levy. G.S. 1-313(1); *Finance Corp. v. Hodges,* 230 N.C. 580, 55 S.E. 2d 201. To make a valid levy the officer must be armed with judicial process and he must act in conformity with the direction given him in the execution or other judicial order.

The burden was on intervenor to establish its lien. *Williams v. Williams,* 254 N.C. 729, 120 S.E. 2d 68. The court found the sheriff on 13 December 1961 made "a purported levy." This language negatives a valid levy. The court probably selected the quoted phrase because it was of the opinion that title did not vest in Norwood, the judgment debtor, until 15 December 1961, and since no valid levy can be made on property not owned by the judgment debtor, *Mica Industries v. Penland,* 249 N.C. 602, 107 S.E. 2d 120, the levy was a mere "purported levy." It cannot be said, however, that it definitely appears this was the reason the court used the quoted phrase.

The 1961 Act made extensive changes in the law with respect to the manner in which lienees must give notice of liens on motor vehicles. The certificate of title issued by the Department now fixes the priority of liens. It is no longer necessary to record the mortgage or other lien in the county where the debtor resides. When a levy has been made on an automobile pursuant to an execution, it is now the duty of the officer to report the levy to the Department in a form prescribed by it. The levy so reported is subordinate to all liens theretofore noted on the certificate by the Department. These statutory changes took effect on 1 January 1962, G.S. 20-58.10, sec. 6, c. 835 S.L. 1961, and for that reason have no effect on this litigation.

If the officer acted under and as directed by judicial process directed to him when he claims to have seized the car on 13 December 1961, the lien so created would have priority over the lien of intervenor recorded on 15 December 1961. Because the court has not found sufficient facts to determine the rights of the parties, it is necessary that the cause be remanded to the Superior Court for additional findings and for the entry of such judgment as may be warranted on the facts then established. *Petrus Machinery, Inc. v. Radiator Specialty Co., ante,* 85.

The judgment entered below is vacated and the cause

Remanded.