MILDRED H. YOUNTS v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

No. 96

(Filed 16 June 1972)

1. **Rules of Civil Procedure § 50— motion for directed verdict — consideration of evidence**

On a motion for a directed verdict by the defendant, the court must consider the evidence in the light most favorable to the plaintiff and may grant the motion only if, as a matter of law, the evidence is insufficient to justify a verdict for the plaintiff. G.S. 1A-1, Rule 50(a).

2. **Insurance § 106— automobile liability policy — action by injured third party — burden of proof**

In an action by an injured person to recover under an owner's automobile liability policy issued to the negligent driver, the injured person has the burden of alleging and proving that the negligent driver was insured under such policy at the time of the accident.

3. **Insurance § 80— owner of automobile**

Under the Motor Vehicle Responsibility Act of 1953, the "owner" of a vehicle includes the holder of title and a mortgagor, conditional vendee or lessee having the right of purchase and the right of possession.

4. **Evidence § 31— best evidence rule**

Ordinarily, a document is the best evidence of its own contents, and before parol testimony is competent to prove the contents, the party offering such testimony must first account satisfactorily for his failure to produce the original, such as proof of loss or destruction of the original.

5. **Evidence § 31— best evidence rule — contents of automobile title certificate**

The trial court properly excluded parol testimony as to the contents of an automobile title certificate where there was no evidence that the title certificate had been lost or destroyed, the certificate itself being the best evidence of its contents.

**6. Insurance § 106— automobile owner's liability policy — action by injured third party — insured not owner of the automobile**

> The trial court properly allowed defendant insurer's motion for directed verdict in an action by an injured third party to recover under an owner's automobile liability policy issued to the negligent driver, against whom plaintiff had previously obtained a judgment, where the evidence showed that on the date the accident occurred the registered title holder of the automobile in question was a person other than the insured, and there was no attempt to show that the registered title holder had transferred title in the manner prescribed by G.S. 20-72(b), or that the lienholder which purportedly transferred title to the insured had foreclosed its lien or complied with G.S. 20-77 in order to procure a new title certificate.

APPEAL by plaintiff pursuant to G.S. 7A-30(2) from the decision of the Court of Appeals affirming the judgment of *Beal, S.J.,* at the 4 January 1971 Session of RANDOLPH Superior Court, reported in 13 N.C. App. 426, 185 S.E. 2d 730 (1972).

On 1 June 1962 defendant State Farm Mutual Automobile Insurance Company issued an owner's automobile liability policy to Donald Joe Myers covering a 1953 Oldsmobile. Thereafter, on 3 November 1962, while driving the 1953 Oldsmobile, Myers was involved in an accident with the plaintiff Mildred H. Younts. Plaintiff subsequently instituted suit against Myers for injuries sustained in this accident and recovered a default judgment against him in the amount of $6,500. In January 1967 plaintiff instituted this suit against State Farm to recover the sum of $6,500, the amount of the default judgment against Myers, alleging that the policy of 1 June 1962 was in force on the date of the accident and that her injuries were caused by the negligence of Myers.

Defendant in its answer admitted the issuance of the policy to Myers, but denied that Myers was the owner of the 1953 Oldsmobile or had any insurable interest therein, and further alleged that the policy in question had been canceled some months before the accident.

Plaintiff sought to introduce the testimony of Billy Joe Wright to the effect that he at one time owned a 1953 Oldsmobile, serial No. 1546464; that he sold this automobile and executed a North Carolina Department of Motor Vehicles title certificate for it to Arthur Lee Charles; that the Lexington State Bank had a lien against the automobile; and that in May or June of 1962 he saw Donald Joe Myers sign an application for a title certificate for this car and saw a representative of

the Lextington State Bank sign a transfer of title for this car to Myers. The trial judge excluded this evidence.

At the close of plaintiff's evidence, defendant's motion for a directed verdict was allowed.

Plaintiff appealed to the Court of Appeals. That court, in an opinion written by Judge Brock, concurred in by Judge Graham, affirmed. Judge Vaughn dissented.

*John Randolph Ingram for plaintiff appellant.*

*Edwin T. Pullen for defendant appellee.*

MOORE, Justice.

Plaintiff contends the trial court erred in granting defendant's motion for a directed verdict at the close of plaintiff's evidence.

[1]  On a motion for a directed verdict by the defendant, the court must consider the evidence in the light most favorable to the plaintiff, and may grant the motion only if, as a matter of law, the evidence is insufficient to justify a verdict for the plaintiff. G.S. 1A-1, Rule 50(a), Rules of Civil Procedure; *Adler v. Insurance Co.,* 280 N.C. 146, 185 S.E. 2d 144 (1971); *Kelly v. Harvester Co.,* 278 N.C. 153, 179 S.E. 2d 396 (1971); 5A Moore's Federal Practice § 50.02[1] (2d Ed. 1969).

The motion presents substantially the same question for sufficiency as did a motion for an involuntary nonsuit under former G.S. 1-183. As to the rules which governed the motion for an involuntary nonsuit under G.S. 1-183, see *Bowen v. Gardner,* 275 N.C. 363, 168 S.E. 2d 47 (1969). See also Comment by Phillips in 1969 Pocket Part to McIntosh, North Carolina Practice and Procedure § 1488.15 (2d Ed. 1969).

[2]  The insurance policy on which plaintiff seeks to recover is an owner's liability policy covering a 1953 Oldsmobile, serial No. R546464, issued by defendant to Myers as owner on 1 June 1962. G.S. 20-279.21(a)(b). In order for the plaintiff to recover on this policy, the burden is on plaintiff to allege and prove that Myers was insured under this policy on 3 November 1962, the date of the accident in which plaintiff was injured. *Brevard v. Insurance Co.,* 262 N.C. 458, 137 S.E. 2d 837 (1964); 4 Strong, N. C. Index 2d, Insurance § 106. Defendant is liable

to the plaintiff only if its liability accrues under the provisions set out in the contract of insurance between defendant and its insured, Myers. *Kirk v. Insurance Co.,* 254 N.C. 651, 119 S.E. 2d 645 (1961). The policy provides that State Farm shall " . . . pay on behalf of the insured all sums which the insured shall become legally obligated to pay. . . arising out of the *ownership,* maintenance or use of the *owned* automobile. . . . " (Emphasis added.) In the absence of any provision in the Financial Responsibility Act broadening the liability of the insurer, such liability must be measured by the terms of the policy as written. In *Underwood v. Liability Co.,* 258 N.C. 211, 218, 128 S.E. 2d 577, 582 (1962), this Court quotes with approval:

> " 'As is said in *Byrd v. American Guarantee & Liability Ins. Co., supra,* 180 F. 2d 249, "There is no insurance separate and distinct from the ownership of the car." This is so because an owner's motor vehicle liability policy is a contract between the insurance company and the owner.' "

*Accord: Howell v. Indemnity Co.,* 237 N.C. 227, 74 S.E. 2d 610 (1953).

The question presented then is: Who, within the purview of the Motor Vehicle Financial Responsibility Act of 1953 (Chapter 20, Article 9A), was the owner of the 1953 Oldsmobile on 3 November 1962?

[3] G.S. 20-279.1(9) defines "owner" as "A person who holds the legal title of a motor vehicle, or in the event a motor vehicle is the subject of an agreement for the conditional sale or lease thereof with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee, or in the event a mortgagor of a vehicle is entitled to possession, then such conditional vendee or lessee or mortgagor shall be deemed the owner for the purposes of this article." Under this definition the word "owner" embraces the holder of title and a mortgagor, conditional vendee or lessee having the right of purchase and the right of possession. See *Insurance Co. v. Hayes,* 276 N.C. 620, 174 S.E. 2d 511 (1970).

The evidence in this case shows that on the date the accident occurred, 3 November 1962, the registered title holder of the 1953 Oldsmobile in question was Arthur Lee Charles, not

the insured Myers. In order to transfer title, G.S. 20-72(b) as amended by the General Assembly in 1961 provided that the owner shall " . . . endorse an assignment and warranty of title, including in such endorsement the name and address of the transferee and the date of transfer, in form approved by the Department upon the reverse side of the certificate of title or execute an assignment and warranty of title of such vehicle and a statement of all liens or encumbrances thereon, which statement shall be verified under oath by the owner, who shall deliver the certificate of title to the purchaser or transferee at the time of delivering the vehicle. . . . Transfer of ownership in a vehicle by an owner is not effective until the provisions of this subsection have been complied with."

In *Insurance Co. v. Insurance Co.*, 276 N.C. 243, 172 S.E. 2d 55 (1970), Justice Huskins, in construing G.S. 20-72(b), said:

> "We hold therefore that after 1 July 1961, the effective date of the amendments, no title passed to the purchaser of a motor vehicle until (1) the certificate of title has been assigned by the vendor, (2) delivered to the vendee or his agent, and (3) application made for a new certificate of title. This accords with prior decisions in *Bank v. Motor Co., supra* [264 N.C. 568, 142 S.E. 2d 166], and *Credit Co. v. Norwood, supra* [257 N.C. 87, 125 S.E. 2d 369]." (The accident in the present case occurred 3 November 1962.)

See *Insurance Co. v. Insurance Co.*, 279 N.C. 240, 182 S.E. 2d 571 (1971), and *Insurance Co. v. Hayes, supra,* for cases construing this statute subsequent to the 1963 amendment.

In this case, there is no evidence that Myers was the holder of a legal title to the Oldsmobile in question or that he was a mortgagor, conditional vendee, or lessee, having the right of purchase and the right of possession. *Insurance Co. v. Hayes, supra.* The only evidence offered by plaintiff concerning the ownership of the 1953 Oldsmobile was the testimony of one Billy Joe Wright. Wright testified that he had been the owner of a 1953 Oldsmobile, serial No. 1546464. (It is noted that the insurance policy in question described the insured automobile as a 1953 Oldsmobile, serial No. R546464.) Wright undertook to testify that he sold this automobile and transferred the title to Charles; that during the latter part of May 1962 he

saw Myers sign on the Charles title certificate a purchaser application for a new certificate of title to that vehicle; and that he also saw a representative of the Lexington State Bank sign this title certificate to Myers. Both the application and the title certificate were signed before a notary public. Wright further undertook to testify that his sale of the automobile to Charles had been financed by the Lexington State Bank and that when Charles failed to pay the bank he (Wright) paid the note and the bank transferred title to Myers. Wright further testified that he took a personal lien on the car, the bank gave him the title certificate which he gave to Myers so that Myers could get his insurance, and that was the last he ever saw of this certificate. The court sustained defendant's objection to Wright's testimony concerning the title certificate. Plaintiff assigns this as error.

[4, 5] Neither Myers nor his wife testified concerning the title to the car although the attorney for the plaintiff stipulated at a pretrial conference that both were available and would testify. Ordinarily, a document is the best evidence of its own contents, and before parol testimony is competent to prove the contents the party offering such testimony must first account satisfactorily for his failure to produce the original—such as, proof of the loss or destruction of the original. *Orr v. Twiggs*, 210 N.C. 578, 187 S.E. 791 (1936); *Dumas v. Powell*, 14 N.C. 103 (1831); 3 Strong, N. C. Index 2d, Evidence § 31; Stansbury, N. C. Evidence §§ 190-192 (2d Ed. 1963). Until plaintiff offered some testimony to the effect that the title certificate in this case had been lost or destroyed, the certificate itself was the best evidence of its contents, and, in the absence of such testimony, the parol testimony of the witness Wright as to its contents was properly excluded by the trial judge.

[6] There was no attempt to show that the registered title owner Charles had transferred title in the manner prescribed by G.S. 20-72(b) or that the Lexington State Bank, if it had a lien, had foreclosed this lien or complied with G.S. 20-77 in order to procure a new title certificate. Under these circumstances, Charles was still the owner of the vehicle on the date of the accident in question. *Insurance Co. v. Hayes, supra; Insurance Co. v. Insurance Co.,* 276 N.C. 243, 172 S.E. 2d 55 (1970). Since Myers was not the owner of the 1953 Oldsmobile at the time of the collision, Myers was not insured under the owner's policy

issued by the defendant to Myers on 1 June 1962. Therefore, plaintiff is not entitled to recover on this policy and the trial court correctly allowed defendant's motion for a directed verdict.

The decision of the Court of Appeals is affirmed.

Affirmed.