NINA H. FERGUSON v. JACK MORGAN, D/B/A J. E. MORGAN
TRUCKING

No. 17

(Filed 11 October 1972)

1. Execution § 5— judgment creditor — lien on personalty — valid levy

   A judgment creditor acquires no lien on personalty until there has been a valid levy. G.S. 1-313(1).

2. Chattel Mortgages § 10; Registration § 2— lien on motor vehicle — where recorded

   It is no longer necessary to record the mortgage or lien on a motor vehicle in the county where the debtor resides.

3. Chattel Mortgages § 10; Registration § 2— security interest in motor vehicle — delivery of application for notation — absence of notation on title certificate

   Plaintiff's security interest in a truck was perfected as of the date of delivery to the Department of Motor Vehicles of an application for notation of the lien signed by the registered owner and accompanied by the required fee, 30 March 1970, notwithstanding the security interest was never actually recorded on the truck's certificate of title; consequently, plaintiff's lien had priority over a judgment creditor's lien acquired 15 April 1970 by the sheriff's levy on the truck, and as purchaser pursuant to foreclosure of her lien on 30 June 1970, plaintiff's title to the truck is superior to any rights acquired by defendant by reason of its purchase at the execution sale held on 25 May 1970.

APPEAL by plaintiff under G.S. 7A-30(2) from decision of the Court of Appeals which affirmed the judgment entered by *Thornburg, J.*, at the 4 January 1972 Session of BUNCOMBE Superior Court.

The plaintiff instituted this action on 10 November 1970. She alleged she was the owner of a 1963 Mack Dump Truck with Serial No. B61SX44385 and was entitled to recover possession thereof from defendant. Answering, defendant denied plaintiff's essential allegations, asserted his ownership and right to possession of the subject truck and prayed for summary judgment in his favor.

Plaintiff filed affidavits of Bob Monteath, Thomas H. Ferguson, Nina H. Ferguson and James H. Stamey, together with a motion for summary judgment in her favor. Defendant filed no affidavit in response to those offered by plaintiff but re-

newed his prayer that summary judgment be entered in his favor.

The judgment entered by Judge Thornburg recites that "the Plaintiff and the Defendant ha[d] stipulated, by and through their respective counsel in open court, that there is no genuine issue as to any material fact in this action"; that "the Court ha[d] considered the affidavits . . . of Nina H. Ferguson, Thomas H. Ferguson, James H. Stamey and Bob Monteath"; and that this was a proper action for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure.

Thereafter, the judgment sets forth that "it appear[ed] to the Court" that the facts quoted below were not controverted.

"1. That in December 1963, Rock Products, Inc. purchased a 1963 Mack Dump Truck, Serial Number B61SX44385 from Eason Truck Sales, Inc., of Asheville, North Carolina for the approximate purchase price of $22,000.

"2. That by Deed of Trust dated April 30, 1966, Rock Products, Inc. created a lien on said vehicle in favor of the Plaintiff to secure a promissory note for a cash loan actually made by the Plaintiff to Rock Products, Inc. in the amount of $82,178.67. That said Deed of Trust was recorded in the Office of the Register of Deeds of Jackson County, North Carolina, on July 15, 1966 but was never recorded in Buncombe County, North Carolina. That said Deed of Trust included all trucks and other vehicles owned by or in which Rock Products, Inc. had an interest.

"3. That by Security Agreement dated March 21, 1968, Rock Products, Inc. created a lien on said vehicle in favor of The Northwestern Bank in the amount of $6,000.00; which lien was noted as a first lien on the Certificate of Title to said vehicle.

"4. That on March 30, 1970, the Plaintiff mailed to the North Carolina Department of Motor Vehicles an application for recording the lien of the Deed of Trust dated April 30, 1966 on Form MVR-6, which form indicated the make, style, title number, year model and serial number of said vehicle and, in addition to the lien of said Deed of Trust, indicated a first lien in the amount of $6,000.00 dated March 21, 1968 to The Northwestern Bank. Said form was executed by the registered

owner of said vehicle and the application was accompanied by the required fee in the amount of $1.00.

"5. That there was received by the North Carolina Department of Motor Vehicles on March 31, 1970 the Form MVR-6 Application for Recording of a Lien which had theretofore been filled out and mailed by the Plaintiff on March 30, 1970.

"6. That on March 31, 1970 the Certificate of Title to said vehicle was in the possession of The Northwestern Bank, which was a prior lienholder, under the custody and control of its employee, Robert Vannoy.

"7. That Rock Products, Inc. had used said vehicle in the hauling of crushed stone and other materials from December, 1963 until Saturday, April 11, 1970, at which time said vehicle was taken to R. T. Clapp Co., Inc., in Asheville, North Carolina for repairs to its electrical system.

"8. That, pursuant to execution issued on February 26, 1970 in the case entitled *The Northwestern Bank v. Rock Products, Inc. and United Bonding Co.*, on Tuesday, April 14, 1970, the Sheriff of Buncombe County, North Carolina, by his deputy, George W. Sutton, employed Monteath's Gulf Service to send its wrecker to R. T. Clapp Co., Inc., to seize said vehicle and on Wednesday, April 15, 1970, the wrecker of Monteath's Gulf Service was dispatched to R. T. Clapp Co., Inc., on Coxe Avenue, Asheville, North Carolina, and on said date said vehicle was brought to the storage yard of Monteath's Gulf Service and retained there until May 25, 1970.

"9. That on May 25, 1970 the Sheriff of Buncombe County sold said vehicle to the Defendant pursuant to the execution issued on February 26, 1970.

"10. That said execution sale was held at Monteath's Gulf Service on Ashland Avenue in Asheville, North Carolina and that Thomas H. Ferguson was present at said sale and notified each and every person in attendance at said sale, including the Defendant, of the lien and security interest of the Plaintiff in said vehicle prior to the sale of said vehicle to the Defendant.

"11. That at the time of the levy and at the time of the sale of said motor vehicle to the Defendant, there was no lien to Nina H. Ferguson recorded on the Certificate of Title for

said vehicle for the amounts set forth in said Deed of Trust, nor has there been to this date.

"12. That after said sale on May 25, 1970 the North Carolina Department of Motor Vehicles issued a Certificate of Title for said vehicle to the Defendant and such Certificate is presently issued in his name. That Plaintiff's security interest has not been recorded on the Certificate of Title for said vehicle to this date.

"13. That Rock Products, Inc. defaulted in the payment of said promissory note and, Marcellus Buchanan, the Trustee in said Deed of Trust having renounced said trust, the Plaintiff appointed Jerry L. Hensley as Substitute Trustee on June 30, 1970.

"14. That on June 30, 1970 said Substitute Trustee gave notice of sale at public auction of said vehicle and on August 7, 1970 conducted a public sale at which sale the Plaintiff purchased said vehicle for $3,200.00 and subject to the lien of The Northwestern Bank created by the Security Agreement dated March 21, 1968.

"15. That the Plaintiff is not presently nor at any time has she ever been any of the following: the owner, whether directly or indirectly, of any of the capital stock in Rock Products, Inc., a corporate officer of said corporation, an employee of said corporation or a director of said corporation. That the Plaintiff is the wife of Thomas H. Ferguson who was during the times complained of Secretary of Rock Products, Inc."

"Based upon the foregoing uncontroverted facts," the court set forth "Conclusions of Law" and adjudged that defendant was the owner and entitled to the possession of the subject truck.

The Court of Appeals affirmed Judge Thornburg's judgment. 14 N.C. App. 520, 188 S.E. 2d 672. One member of the hearing panel having dissented, plaintiff appeals to this Court as a matter of right under G.S. 7A-30(2).

*Hendon & Carson, by George Ward Hendon, for plaintiff appellant.*

*Wade Hall for defendant appellee.*

BOBBITT, Chief Justice.

Plaintiff excepted to each of the court's conclusions of law, to the court's failure to adopt the conclusions of law tendered by plaintiff, and to the judgment.

The judgment of Judge Thornburg and the decision of the Court of Appeals are based on the legal conclusion that plaintiff failed to perfect her security interest as required by G.S. 20-58 *et seq.* For the reasons stated below, we take the opposite view.

The security agreement dated 21 March 1968, executed by Rock Products, Inc., to The Northwestern Bank as security for a $6,000 debt, *was* and *is* a first lien on the subject truck and was so noted on the title certificate.

[1] Defendant bases his alleged ownership of the subject truck on his purchase thereof on 25 May 1970 from the Sheriff of Buncombe County, at a sale pursuant to an execution issued 26 February 1970 for enforcement of a judgment obtained by The Northwestern Bank in an action entitled, *"The Northwestern Bank v. Rock Products, Inc. and United Bonding Co."* As stipulated in this Court, the first lien of The Northwestern Bank created by the security agreement of 21 March 1968 was not involved in that action. The judgment obtained therein was based on an independent and unrelated claim. A judgment creditor "acquires no lien on the personalty until there has been a valid levy. G.S. 1-313 (1) ; *Finance Corp. v. Hodges,* 230 N.C. 580, 55 S.E. 2d 201." *Credit Co. v. Norwood,* 257 N.C. 87, 91, 125 S.E. 2d 369, 372 (1962). Hence, there was no lien on the subject truck on account of that judgment and execution until the seizure and levy by the sheriff on 15 April 1970.

The subject truck was purchased by Rock Products, Inc., in 1963. Upon its registration with the Department of Motor Vehicles, the certificate of title was issued to Rock Products, Inc., in accordance with G.S. 20-50 and G.S. 20-52.

Defendant's contention that plaintiff's deed of trust was not recorded in the proper county is beside the point.

[2] With reference to vehicles subject to registration with the Department of Motor Vehicles, the provisions of G.S. 20-58 through G.S. 20-58.10 govern the perfecting and giving notice of security interests obtained on and after 1 January 1962. Chap-

ter 835, Section 6, Session Laws of 1961 (G.S. 20-58.10). Section 12 of the 1961 Act added the following new subdivision to G.S. 47-20.2(b): "(5) If the personal property concerned is a vehicle required to be registered under the motor vehicle laws of the State of North Carolina, then the provisions of this Section shall not apply but the security interest arising from the deed of trust, mortgage, conditional sales contract, or lease intended as security of such vehicle may be perfected by recordation in accordance with the provisions of G.S. 20-58 through G.S. 20-58.10." "It is no longer necessary to record the mortgage or other lien in the county where the debtor resides." *Credit Co. v. Norwood, supra* at 91, 125 S.E. 2d at 372. Plaintiff's security agreement having been entered into in 1966, neither the recording in Jackson County nor the failure to record in Buncombe County has legal significance.

G.S. 25-9-302(3) provides: "The filing provisions of this article do not apply to a security interest in property subject to a statute . . . (b) of this State which provides for central filing of, or which requires indication on a certificate of title of, such security interests in such property." Provisions of the Uniform Commercial Code with reference *to the place for filing financing statements* have no application to the present factual situation.

[3] An application signed by Rock Products, Inc., accompanied by the required fee, was mailed by plaintiff to the Department of Motor Vehicles on 30 March 1970 and received on 31 March 1970. The certificate of title of Rock Products, Inc., was then in the possession of The Northwestern Bank with notation thereon of the bank's first lien. No notation of plaintiff's security interest was entered thereon prior to the sheriff's seizure of the subject truck and levy thereon on 15 April 1970. The crucial question is whether plaintiff's security interest was perfected prior to 15 April 1970.

Decision depends upon the provisions of the General Statutes quoted below:

"§ 20-58. *Perfection by indication of security interest on certificate of title.*—Except as provided in G.S. 20-58.8, a security interest in a vehicle of a type for which a certificate of title is required shall be perfected only as hereinafter provided.

\*          \*          \*

"(2) If the vehicle is registered in this State, the application for notation of a security interest shall be in the form prescribed by the Department, signed by the debtor, and containing the amount, date and nature of the security agreement, and the name and address of the secured party from whom information concerning the security interest may be obtained. The application must be accompanied by the existing certificate of title unless it is in the possession of a prior secured party. *If there is an existing certificate of title issued by this or any other jurisdiction in the possession of a prior secured party, the application for notation of the security interest shall in addition, contain the name and address of such prior secured party.*" (Our italics.)

"§ 20-58.1. *Duty of the Department upon receipt of application for notation of security interest.*—(a) Upon receipt of an application for notation of security interest, the required fee and accompanying documents required by G.S. 20-58, the Department, if it finds the application and accompanying documents in order, shall either endorse upon the certificate of title or issue a new certificate of title containing, the name and address of each secured party, the amount of each security interest, and the date of perfection of each security interest as determined by the Department. The Department shall deliver or mail the certificate to the first secured party named in it and shall also notify the new secured party that his security interest has been noted upon the certificate of title.

"(b) *If the certificate of title is in the possession of some prior secured party,* the Department, when satisfied that the application is in order, shall procure the certificate of title from the secured party in whose possession it is being held, for the sole purpose of noting the new security interest. Upon request of the Department, a secured party in possession of a certificate of title shall forthwith deliver or mail the certificate of title to the Department. Such delivery of the certificate does not affect the rights of any secured party under his security agreement." (Our italics.)

"§ 20-58.2. *Date of perfection.*—If the application for notation of security interest with the required fee is delivered to the Department within ten days after the date of the security agreement, the security interest is perfected as of that date. *Otherwise, the security interest is perfected as of the date of delivery of the application to the Department.*" (Our italics.)

Ferguson v. Morgan

The provisions of the General Statutes quoted above are based on and brought forward from Chapter 838, Session Laws of 1969. Section 1 of this 1969 Act contains the following: "Chapter 20 of the General Statutes is hereby amended to conform to the Uniform Commercial Code by rewriting G.S. 20-58 through G.S. 20-58.8 to read" as set forth therein. The following provision of the Uniform Commercial Code is noted: "§ 25-9-403. . . . (1) Presentation for filing of a financing statement and tender of the filing fee or acceptance of the statement by the filing officer constitutes filing under this article." The Official Comment and the North Carolina Comment are to the effect that, contrary to the rule under prior law, subsection (1) of G.S. 25-9-403 provides that the security instrument serves as constructive notice *from the time of filing, i.e.,* the presentation thereof and the payment of the fee, notwithstanding any failure on the part of the registrar to perform his or its statutory duty. Similarly, G.S. 20-58.2 provides expressly that the security interest evidenced by a security agreement is perfected as of the date of the delivery of the application to the Department and the payment of the required fee.

Attached to the affidavit of James H. Stamey, the Director of the Registration Division of the Department of Motor Vehicles, is a certified copy of the application executed in behalf of Rock Products, Inc., by Thomas H. Ferguson. It is on the required form and gives in detail the required information concerning plaintiff's security agreement and all other information required by G.S. 20-58(2).

Both Rock Products, Inc., and plaintiff as of 31 March 1970 had done all they were required to do and could do to perfect plaintiff's lien. Under G.S. 20-58.2, which relates solely and specifically to the date of perfection of the lien, plaintiff's security interest was "perfected as of the date of delivery of the application to the Department," that is, 31 March 1970.

The record is silent as to whether the Department of Motor Vehicles requested or obtained from The Northwestern Bank the certificate of title of Rock Products, Inc., for the purpose of noting thereon the facts concerning plaintiff's lien. G.S. 20-56 requires the Department to maintain indexes and records with reference to each registered vehicle. Presumably, the Department of Motor Vehicles could have and would have provided the exact facts concerning liens on the subject truck in response to inquiry for this information.

Ferguson v. Morgan

The present factual situation discloses no element of estoppel. At the execution sale on 25 May 1970 defendant was given actual notice that plaintiff claimed a security interest which constituted a lien on the subject truck prior to that based on the sheriff's levy. Nothing indicates that defendant had seen the title certificate or had knowledge of its contents prior to his purchase of the subject truck at the execution sale. Too, the amount of defendant's successful bid at the execution sale is not disclosed.

In his brief, defendant makes contentions which are not supported by the facts set forth in Judge Thornburg's judgment. Two illustrations are noted. Although paragraph 2 of the uncontroverted facts states that plaintiff's deed of trust created a lien on the subject truck, defendant asserts plaintiff's deed of trust is invalid on account of insufficiency in the description. Although paragraph 13 of the uncontroverted facts states that Rock Products, Inc., had "defaulted" in the payment thereof, plaintiff's brief asserts that there was no evidence that the debt secured by plaintiff's deed of trust was in default.

In view of the provision in the judgment that the parties had stipulated that there was no genuine issue as to any material fact, we must accept as stipulated facts the facts set forth and referred to in the judgment as facts which "are not controverted."

Since plaintiff's security interest was perfected on 31 March 1970, it had priority over the lien acquired 15 April 1970 by the sheriff's seizure and levy. Hence, as purchaser pursuant to foreclosure of the prior lien, plaintiff's title to the subject truck is superior to any rights acquired by defendant by reason of its purchase at the execution sale on 25 May 1970. Therefore, plaintiff is the owner and entitled to the possession of the subject truck encumbered by the first lien of The Northwestern Bank.

Accordingly, the decision of the Court of Appeals is reversed; the judgment entered by Judge Thornburg is vacated; and the cause is remanded to the Court of Appeals with direction that it remand the cause to the Superior Court of Buncombe County for the entry of summary judgment for plaintiff.

Reversed and remanded.