MANNING P. COOKE, INDIVIDUALLY, AND MANNING P. COOKE, AD-MINISTRATOR, C.T.A., D.B.N., OF THE ESTATE OF Q. H. COOKE v. TOWN OF RICH SQUARE

No. 826SC1331

(Filed 20 December 1983)

Limitation of Actions § 4.3; Municipal Corporations § 44— contract action against municipality — statute of limitations expiring

Plaintiff's action for breach of contract, unjust enrichment, and breach of a lease agreement against a municipality was barred by the statute of limitations where plaintiff's cause of action on the contract which involved repayment for monies loaned to the city for installation of a water and sewer system accrued in 1970 and payment under the agreement was not made, and where plaintiff did not initiate the action until 30 January 1980. G.S. 1-53(1).

APPEAL by plaintiff from *Strickland, Judge.* Judgment entered 15 September 1982 in Superior Court, NORTHAMPTON County. Heard in the Court of Appeals 28 November 1983.

Manning P. Cooke, individually, filed a complaint on 30 January 1980 alleging as follows: (1) that his father, Dr. Q. H. Cooke, and a realtor, I. F. Rochelle, entered into an agreement dated 27 October 1953 with defendant regarding the installation of a water and sewer system in Cooke Circle in the town of Rich Square; (2) that pursuant to the agreement the cost of installing the system was to be paid by Dr. Cooke and Mr. Rochelle, and defendant was to reimburse them from the taxes and fees collected from residents of Cooke Circle; (3) that Dr. Cooke is now deceased and plaintiff Manning P. Cooke is the owner of a two-thirds interest in the purported contract; and (4) that defendant has refused to pay the amount due under the agreement, such amount being $10,800, despite repeated demands to do so.

Plaintiff set forth causes of action for breach of contract, unjust enrichment, and breach of a lease agreement. Defendant filed an answer denying the allegations of the complaint and raising several defenses including that the action was barred by the statute of limitations.

At the close of plaintiff's evidence at trial, defendant made a motion to dismiss which the court allowed only as to plaintiff's cause of action for unjust enrichment. Defendant rested without offering evidence and renewed its motion for a directed verdict as to the remaining causes of action which motion was granted. From the judgment entered allowing defendant's motion for a directed verdict, plaintiff appealed.

*Cherry, Cherry, Flythe and Overton, by Joseph J. Flythe and Thomas L. Cherry, for plaintiff appellant.*

*Perry W. Martin and Taylor and McLean, by Donnie R. Taylor, for defendant appellee.*

HILL, Judge.

Plaintiff contends the court erred in directing a verdict for defendant on the causes of action for breach of contract and unjust enrichment. In considering a motion for directed verdict, the court must view the evidence in the light most favorable to the non-moving party, giving to the non-movant the benefit of all reasonable inferences to be drawn in his favor. *Summey v. Cauthen,* 283 N.C. 640, 197 S.E. 2d 549 (1973). The court may grant the motion only if, as a matter of law, the evidence is insufficient to support a verdict for the non-movant. *Younts v. Insurance Co.,* 281 N.C. 582, 189 S.E. 2d 137 (1972).

We believe G.S. 1-53(1) controls the disposition of this case. G.S. 1-53(1) provides:

> All claims against counties, cities and towns of this State shall be presented to the chairman of the board of county commissioners, or to the chief officers of the cities and towns, within two years after the maturity of such claims, or the holders shall be forever barred from a recovery thereon
> . . . .

Plaintiff alleged that the agreement in question provided that the defendant town was to repay Dr. Cooke and Mr. Rochelle from

the taxes and fees collected from the residents of Cooke Circle once ten houses had been built in that area. The evidence shows that the water and sewer system was completed in 1954 and that ten houses had been built in Cooke Circle by 1970. According to the town's records, no payments under the agreement were ever made by the defendant town to Dr. Cooke or his estate, Mr. Rochelle, or Manning P. Cooke, and the town had been receiving water and sewer fees from the residents of Cooke Circle as long as there had been any residents there. Between 1970 and 1980, defendant collected $37,159.85 from property owners in Cooke Circle for taxes, water and sewer assessments.

Plaintiff's cause of action on the contract accrued and the statute of limitations began to run when the tenth house was built in Cooke Circle in 1970 and payment under the agreement was not made. Plaintiff did not initiate this action until 30 January 1980. Plaintiff failed to present his claim within the two year statute of limitations prescribed by G.S. 1-53(1); therefore, his claim is barred. It is well settled that a court has no discretion when considering whether a claim is barred by the statute of limitations. *See Congleton v. City of Asheboro*, 8 N.C. App. 571, 174 S.E. 2d 870, *cert. denied*, 277 N.C. 110 (1970). In *Shearin v. Lloyd*, 246 N.C. 363, 370, 98 S.E. 2d 508, 514 (1957), the Court stated: "Statutes of limitations are inflexible and unyielding. They operate inexorably without reference to the merits of plaintiff's cause of action. They are statutes of repose, intended to require that litigation be initiated within the prescribed time or not at all."

We hold the trial court properly directed a verdict for defendant.

Affirmed.

Judges WHICHARD and BECTON concur.